## EDWARD C. MORGAN *vs.* JOSIAH G. ABBOTT.

Middlesex.   January 16, 1889. — February 27, 1889.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Insolvent Debtor — Fraudulent Preference — Election by Assignee.*

If an insolvent debtor makes a conveyance of property by way of fraudulent preference, or to prevent it from coming to his assignee in insolvency, and the assignee does not elect to avoid such conveyance before transferring the property to a third person, such person cannot maintain an action in his own name to recover its value.

TORT by the assignee of an assignee in insolvency, to recover money paid by the insolvent debtor to a creditor in fraud of the insolvency laws.   Writ dated October 17, 1887.

At the trial in the Superior Court, before *Blodgett,* J., there was evidence tending to show that, on December 27, 1886, the American Carpet Lining Company conveyed certain personal property to the defendant, who realized the moneys in question therefrom, on account of a pre-existing debt due from it to him with a view to give a preference to the defendant, who at the time had reasonable cause to believe that the company was insolvent, and that the payment was made to him in fraud of the insolvency laws ; that the company was duly adjudged to be insolvent by the Court of Insolvency on January 20, 1887 ; that on February 3, 1887, an assignee of its estate was duly appointed, and a legal assignment thereof duly issued to him ; that on July 6, 1887, the assignee was given leave, upon his petition, to sell and dispose of such estate at private sale or public auction ; and that thereupon the assignee, by a writing under seal, conveyed to the plaintiff all his " right, title, and interest in and to all the estate, both real and personal, right of redemption, effects, choses in action, books of accounts and claims, whether at law or in equity, which belonged to the said corporation," with all his right to " collect, sue for, and recover for all the said estate."

Upon these facts the judge ruled that the plaintiff could not maintain his action, and ordered a verdict for the defendant ; and the plaintiff alleged exceptions.

*F. S. Hesseltine,* (*J. A. Brackett* with him,) for the plaintiff.

*G. F. Richardson,* (*E. F. Johnson* with him,) for the defendant.

C. ALLEN, J. In the ordinary case of a fraudulent conveyance, which may be avoided by creditors, an assignee in insolvency of the grantor, having the right to elect whether to avoid or affirm it, must distinctly manifest his election to avoid it before he can transfer to a third person his right to contest its validity. *Freeland* v. *Freeland,* 102 Mass. 475. *Tuite* v. *Stevens,* 98 Mass. 305. The same rule should apply to the case of a preference, or of a conveyance made with a view to prevent the property from coming to the assignee, which the assignee might avoid, under the Pub. Sts. c. 157, §§ 96, 98. There was nothing in the case to show that the assignee had ever made such election, or even that he was aware of the conveyance to the defendant. For this reason, an action cannot be maintained by the plaintiff in his own name to recover the value of the property in controversy.      *Exceptions overruled.*