## In re COHN.

(District Court, S. D. New York. December 9, 1899.)

1. BANKRUPTCY—SUMMARY JURISDICTION—RIGHTS OF ADVERSE CLAIMANT.

Where a trustee in bankruptcy claims, as assets of the estate, property which is in the actual possession of a third person, who asserts his own title thereto in opposition to the bankrupt and the trustee, the rights of such adverse claimant cannot be adjudicated in a summary manner in the bankruptcy proceeding, but only in a plenary suit brought against him by the trustee.

2. SAME.

Where a trustee in bankruptcy claimed that the bankrupt was the real owner of a business which had been carried on for several years in the name of the bankrupt's daughter, but the latter was in the actual possession and management of the business, and claimed it as her own, *held*, that her rights could not be determined summarily in the bankruptcy proceeding; that she could not be treated as a defendant in that proceeding; that the trustee had no authority to collect outstanding accounts of the business, and would be stayed from so doing; and that books of account relating to the business, which were produced by the daughter on her examination as a witness in the bankruptcy proceedings, and impounded by the referee, must be restored to her.

In Bankruptcy. On review of decision of referee in bankruptcy.

Roger M. Sherman, for witness.

Thomas D. Adams and James Murphy, for trustee in bankruptcy.

BROWN, District Judge. Upon the voluminous evidence submitted, I think the proceedings against the witness Lena Williamson, a daughter of the bankrupt, have exceeded the proper limits. She was called as a witness by the creditors, and was examined in their behalf. The evidence leaves no doubt that the business which the creditors claim to have been the business of the bankrupt, was carried on in the daughter's name for two or three years before the bankruptcy proceedings; that the business was claimed by the witness as her own; that the only bank account used in the business was her own genuine bank account, in which receipts of the business were deposited and on which checks in payment of its obligations were drawn. She was, therefore, in the position of a third person not only claiming title, but in possession of the business, as much as its intangible nature was capable of being in possession. If there was any fraud as between her and her mother, so that her title could be avoided in favor of the trustee, that could only be inquired into and adjudged in a plenary suit brought against her by the trustee. Her rights could not be adjudicated in a summary manner by the referee in the bankruptcy proceeding. Smith v. Mason, 14 Wall. 419, 20 L. Ed. 748; Marshall v. Knox, 16 Wall. 551, 21 L. Ed. 481. For the same reason she could not be treated as a defendant in the proceeding before the referee. The books which have been im-

pounded by the referee were not produced by the bankrupt, but by the witness as her own books, under the threat of imprisonment for omission to produce them. The summary collection or attempt to collect accounts apparently due to the witness, is also unauthorized and beyond the proper limits of the trustee's authority.

The petitioner is entitled to a stay of the proceedings on the part of the trustee complained of, and to the return of the books impounded.

Under the restraining order signed by the referee, the trustee has already had abundant opportunity to commence a plenary suit against the witness for the recovery of assets, if the facts are thought sufficient to justify such a suit. At this season such an injunction is specially injurious, unless the trustee's rights are clear. The referee's restraining order should, therefore, be vacated unless proper suit be commenced by the 15th inst.