### In re GREEN et al.

(District Court, E. D. Pennsylvania. May 24, 1901.)

#### No. 845.

BANKRUPTCY—PREFERENTIAL PAYMENT—SUMMARY PROCEEDINGS TO RECOVER.

Where evidence shows that a bankrupt, within four months of adjudication, paid money to his wife to discharge a debt alleged to be owing her, and the wife swears that she loaned the money to her husband before marriage, that he promised to repay it, and did repay it, before adjudication, it presents a controversy that cannot be summarily determined by an order of the referee, requiring repayment on the theory that the money is still under the control of the bankrupt himself, but the right must be established by action.

In Bankruptcy.

For former opinion, see 106 Fed. 313.

Greenwald & Mayer, for trustee.

Henry Wilhelm, for bankrupts.

J. B. McPHERSON, District Judge. Certain creditors are asking for an order directing the bankrupts to deliver to the trustee the sums of $1,000 and $2,000 that are now respectively in the possession of the wives of the bankrupts, having been paid to the wives within four months before the adjudication, in discharge of debts alleged to be owing by the bankrupts; the theory of the petition being that the payment was fraudulent, because the debts never existed, and that the order may properly issue because the money is still under the control of the bankrupts themselves. It is apparent, however, from an examination of the testimony taken before the referee upon the petition, that each wife has possession under a claim of right. Each swore that she had lent the money to her husband before marriage, that he had promised to repay it, and that he did repay it shortly before the adjudication. This presents a controversy that cannot be summarily determined in the manner proposed, and especially as the proceeding is taken against the husbands alone. The trustee must sue the wives in the proper court, and have the dispute decided in a plenary action. In re Nugent (C. C. A.) 105 Fed. 581, 5 Am. Bankr. R. 176; In re Sheinbaum (D. C.) 107 Fed. 247; Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175.

The order made by the referee must be set aside.