## In re DOWNING.

(District Court, N. D. New York. January 5, 1912.)

1. FRAUDULENT CONVEYANCES (§ 211*)—RIGHT TO SUE—ASSIGNEE OF JUDGMENT.

A judgment creditor may sell his judgment, and his assignee may sue to set aside a conveyance by the debtor, made in fraud of such judgment or of the rights of the assignor.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 647, 648; Dec. Dig. § 211.*]

2. CHAMPERTY AND MAINTENANCE (§ 7*)—RIGHTS IN LAND HELD ADVERSELY—STATE STATUTES—APPLICATION.

Real Property Law N. Y. § 260 (Consol. Laws 1909, c. 50), provides that a grant of real property is absolutely void, unless made to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

people of the state, if at the time of the delivery thereof the property is in actual possession of a person claiming under a title adverse to the grantor. *Held*, that such act did not apply to a judicial sale of an interest in real property held adversely, when the sale was ordered by a court of competent jurisdiction.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 54–110; Dec. Dig. § 7.*]

3. BANKRUPTCY (§ 257*)—FRAUDULENT CONVEYANCES—TRUSTEE'S RIGHT TO SUE—TRANSFER.

Bankr. Act July 1, 1898, c. 541, § 70b, 30 Stat. 566 (U. S. Comp. St. 1901, p. 3451), vests a bankrupt's trustee with the title of the bankrupt to all property transferred in fraud of creditors. Subdivision "e" provides that the trustee may avoid any transfer by the bankrupt, which any creditor might have avoided, and may recover the property so transferred, or its value, except from a bona fide purchaser, and section 47, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840, declares that trustees as to all property not in the custody of the bankruptcy court shall be deemed vested with all rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied. *Held*, that where a bankrupt was alleged to have fraudulently transferred certain real property to his wife more than four months before bankruptcy, and a creditor had instituted suit to set such conveyance aside, which was pending when bankruptcy proceedings were instituted, but was then discontinued, the creditor electing to file his claim in the bankruptcy proceedings, and there were insufficient funds to justify the trustee to institute a new suit to set aside such conveyance, and the creditors refused to reimburse him for necessary costs and expenses, the trustee had a transferable interest in the real estate that he could assign and transfer under order of court, in order to reduce such interest to money for the benefit of creditors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 257.*]

In the matter of bankruptcy proceedings of Augustus S. Downing. Appeal from and petition to review an order of the referee in bankruptcy, authorizing and directing the trustee to sell the bankrupt's interest, if any, in certain real estate which he once owned, but transferred to his wife more than four months prior to the institution of bankruptcy proceedings. Affirmed.

W. H. Maider, for trustee.

Charles B. Sullivan, for petitioner.

RAY, District Judge. More than four months prior to the institution of the bankruptcy proceedings against Augustus S. Downing, he transferred to his wife, Louise B. Downing, certain real estate by deed, dated November 27, 1907. Barbara Troutwine obtained a judgment against Augustus S. Downing more than four months preceding the date of the institution of the bankruptcy proceedings, and brought an action in the Supreme Court of the state of New York against the bankrupt, and his wife to set aside the said deed on the grounds that it was executed and delivered by the bankrupt, and received by the grantee in fraud of the creditors of the bankrupt. This action was brought within four months preceding the institution of bankruptcy proceedings, and was pending in the Supreme Court of the state of New York when the bankruptcy proceedings were instituted. The trustee, duly appointed, has not brought any action to set aside

the deed as fraudulent, or on any ground, for the reason that the assets of the bankrupt estate are insufficient to more than defray the ordinary expenses of administration, exclusive of any litigation, and the creditors have refused to indemnify the trustee. The referee also states, in substance, that, under the circumstances, the trustee should not be compelled to institute and prosecute an action to set aside the said deed as fraudulent at his own expense or risk, or permitted to abandon the claim. Troutwine offered to pay a substantial sum for the interest of the trustee in the said real estate, and a transfer thereof, together with the right of action, vested in the trustee to prosecute an action to set aside such deed as fraudulent as against creditors. The referee made an order authorizing and directing the sale of the interest of the trustee in the real estate mentioned, together with the right to institute and prosecute an action to set aside the deed as fraudulent as against creditors. Mrs. Downing has intervened in the proceeding, and seeks to have this order opened, vacated, and set aside on the grounds, among others, that the trustee has no interest in the real estate, inasmuch as it was sold and transferred more than four months prior to the institution of bankruptcy proceedings, and that the bankrupt by such conveyance parted with all his interest therein, and could not have maintained any action to set aside or vacate the deed; that the trustee by virtue of the bankruptcy proceedings and his appointment as trustee took the same right or rights as a judgment creditor, viz., the right to prosecute an action to set aside the said transfer by deed as fraudulent against creditors, and that such right is vested in him by virtue of the statute, and is not the subject of a sale by the trustee, and cannot be sold even by order of the court and transferred to a third party. There is no pretense that the property itself is in the custody or possession of the bankruptcy court or of the trustee.

I have examined the evidence, and find nothing to justify a conclusion that Augustus S. Downing did not deliver possession of the real estate in question to his wife, Louise B. Downing, at the time of the delivery of the deed. The referee does not find or state that possession of the property in question was not delivered to the grantee, Mrs. Downing. The attorney for Mrs. Downing also contends that the transfer of this right of action to Mrs. Troutwine will tend to cast a cloud upon her title.

Under section 67e all conveyances and transfers made by the bankrupt within four months of filing the petition in bankruptcy—

"with intent and purpose on his part to hinder, delay or defraud his creditors or any of them, shall be null and void as against the creditors of such debtor," except, etc., "and be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors."

By section 70:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification shall in turn be vested by operation of law with *the title of the bankrupt*, as of the date he was adjudged a bank-

rupt, except in so far as it is to property which is exempt to all  *  *  * (4) property transferred by him in fraud of his creditors," etc.

By subdivision "b" of the same section:

"Real and personal property shall when practicable be sold subject to the approval of the court."

And by subdivision "c":

"The title to the property of a bankrupt estate which has been sold, as herein provided, shall be conveyed to the purchaser by the trustee." .

By subdivision "e" of section 70, it is also provided:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value."

. By section 47, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840, it is provided that trustees—

"as to all property not in the custody of the bankrupt court shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied."

It would seem clear that the trustee in bankruptcy as to real property conveyed by the bankrupt in fraud of his creditors more than four months prior to the filing of the petition in bankruptcy, and found in the possession of the transferee or grantee, has the same rights and remedies that a judgment creditor of the bankrupt would have had if bankruptcy had not intervened. He has the right to bring and prosecute an action to set aside the fraudulent conveyance, and have the property sold for the satisfaction of the debts owing by the bankrupt. The right of the trustee to prosecute such an action must be for the benefit of the creditors. The setting aside of the fraudulent transfer would leave the title to the property of record in the bankrupt, and by operation of the provisions of the bankruptcy act such title would vest in the trustee as of the date of the adjudication. If the transfer was in fraud of creditors, the trustee has not only an interest to set aside the transfer, but an interest in the property. Is this an interest which the trustee may convey under the order of the court? Would the purchaser at a sale take, not only the interest of the trustee in the real estate, if any, but the right to bring and maintain an action to set aside the fraudulent transfer? And possibly the inquiry is resolved into this: May the court order a sale of, and may the trustee in bankruptcy sell and transfer to a third person the right to prosecute such an action?

Section 70 says that the trustee shall be vested by operation of law "with the title of the bankrupt  *  *  *  to all  *  *  *  (4) property transferred by him in fraud of his creditors." I do not think this refers solely to property transferred by the bankrupt in fraud of his creditors within the four-month period. But has the bankrupt any title whatever which he can assert in property transferred by him in fraud of his creditors more than four months prior to the filing of a

petition in bankruptcy? As to himself clearly not. He could not prior to bankruptcy set aside such a transfer for his own benefit. He would have no right of action. By virtue of the deed title (legal title) is transferred to the fraudulent vendee. Having transferred in fraud of creditors, being guilty of a wrong, he cannot be heard to assert his own wrong for his own benefit. But, conceding this to be so, may not Congress provide that the real title in such a case shall be deemed to remain in the bankrupt for the benefit of creditors or estate and be recoverable by the trustee and transferable by him, together with the right of action given by the statute to recover such property? As to the recovery of property transferred within four months of bankruptcy, this is what Congress has expressly done.

[1] A judgment creditor may sell his judgment and his assignee may bring suit to set aside a conveyance made in fraud of such judgment, or of the rights of such assignor of the judgment. Wait on Fraudulent Conveyances (3d Ed.) § 92, p. 185; Warren v. Williams, 52 Me. 349; Cook v. Ligon, 54 Miss. 655; 1 Moore on Fraudulent Conveyances, 203, § 11; In re Cornell, 110 N. Y. 351, 18 N. E. 142; Bostwick v. Scott, 40 Hun (N. Y.) 212; Morgan v. Abbott, 148 Mass. 507, 20 N. E. 165; Freeland v. Freeland, 102 Mass. 475. But it would seem that, in case of an assignee having the right to elect whether or not he will treat the conveyance as fraudulent, he must so elect to consider it fraudulent before assigning the claim and cause of action. If then the trustee is vested "with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied," why may he not sell such interest and rights when authorized so to do by the court? It seems true that the trustee in bankruptcy had the right on taking whatever he did take from the bankrupt to affirm or disaffirm the deed in question. If he affirmed it, or did not disaffirm it, he would convey nothing on the sale ordered by the referee. If he has disaffirmed for the alleged fraud, he can, within the authorities cited, convey all his right, title, and interest in the property, viz., his right to bring an action in equity to set aside the deed as fraudulent and recover the property or its proceeds. He takes the property in the same condition it was in the hands of the bankrupt when the petition in bankruptcy was filed and the adjudication made, but with the right to disaffirm the transfer alleged to be fraudulent on account of such fraud and prosecute an action to set aside such transfer. Can this right of action be assigned under the order of the court? It is a chose in action which it is the duty of the trustee to assert and reduce to money for the benefit of the estate, provided he is satisfied a cause of action exists. May he not reduce it to money by a sale thereof? Is it not an asset? Ordinarily I should be disinclined to permit the sale of such a right of action. Under ordinary circumstances, it would be contrary to a wise policy to have such rights of action offered for sale or sold. But here it seems one of the creditors had commenced an action to set aside this conveyance as fraudulent when bankruptcy intervened. The trustee could take up and prosecute that action, but by reason of the condition of the estate and the action of the creditors in refusing to indemnify him he is disinclined so to do, or to bring a new action. The referee has

not seen fit to direct the trustee to bring the action. A substantial sum is offered the trustee for his interest in the property, including the right of action. The referee, instead of directing the trustee to bring suit, has directed him to make the sale. If the cause of action is not assignable and the trustee has no interest in the real estate in question, the purchaser will get nothing. I can discover no harm that will come to the bankrupt or to his transferee or grantee by permitting this sale. It must be a matter of indifference to them who prosecutes the action if one is to be prosecuted. I think it would be far better practice to allow the creditor Troutwine to prosecute the action in the name of the trustee at her own expense with an order that the recovery, if any, shall be for the benefit of the estate, but that out of such recovery Troutwine shall be fully compensated for all costs and expenses, including counsel fees before distribution. It may be, and is, a serious and close question whether a trustee in bankruptcy vested by statute with the right to prosecute an action to set aside a deed as fraudulent (one executed and delivered more than four months prior to the institution of bankruptcy proceedings) may assign same. It is a statutory right pure and simple, and is conferred on the trustee as such, as an officer in fact of the court, to be exercised in the interest of and for the benefit of the creditors of the bankrupt. The interest he has in the real estate, if any, is held by him for the benefit of creditors in the same way. Assume that the grantee, Mrs. Downing, holds in equity, her title as trustee ex maleficio, as is contended by the trustee in bankruptcy, she holds it as such trustee for the creditors of the grantor. The judgment creditors in the absence of bankruptcy proceedings may bring suit to set aside the deed, and the right to bring such an action is transferred or may be transferred with the judgment itself (see cases cited). The trustee has all the rights of action of such judgment creditor, but it does not necessarily follow, not owning any judgment lien, that he has any interest in the property itself which he can transfer. I think it clear that if this trustee in bankruptcy, even under and pursuant to an order of this court authorizing and directing him so to do, should sell and by deed transfer to the purchaser all his right, title, and interest in and to the real estate in question, he would not convey anything and the purchaser would not obtain anything, no title, no possession, no right to possession, and no right to prosecute an action to set aside the alleged fraudulent deed. There must be a valid transfer by the trustee in bankruptcy to the purchaser of the right to bring an action to set aside such alleged fraudulent deed of the bankrupt, and which right of action is purely statutory, as before stated.

In this view of the case, it would seem that the true inquiry is whether such a statutory right of action conferred upon an officer of the court, trustee in bankruptcy, is transferable? Troutwine, the proposed purchaser of this right of action, has no right of action as she has proved her claim on her judgment, and thereby abandoned her suit in equity to set aside the alleged fraudulent deed.

As stated by the learned counsel for the petitioner, Mrs. Downing, the trustee, is not armed with an actual judgment, but with the "rights, remedies, and powers of a judgment creditor holding an exe-

cution duly returned unsatisfied." The trustee has no judgment to sell and assign. Having the rights, remedies, and powers of a judgment creditor does not confer the right to sell something he does not possess. He cannot, therefore, sell and assign to Mrs. Troutwine a judgment against Downing, the bankrupt. But he has the rights, remedies, and powers of a judgment creditor, and why with the approval of the court may he not sell and convey them, if without funds to assert them and realize thereon for the benefit of the estate?

[2] The order under review describes the real estate and directs a sale of all the trustee's title and interest in and to said real estate and of all the transferable rights relative thereto, said real estate. The learned counsel for Mrs. Downing contends that this order is void as being in violation of section 260 of the real property law of the state of New York. Laws 1909, c. 52 (Consol. Laws 1909, c. 50). That section provides:

"Sec. 260. Effect of grant or mortgage of real property adversely possessed. A grant of real property is absolutely void unless the same shall be made to the people of the state of New York, if at the time of the delivery thereof such property is in the actual possession of a person claiming under a title adverse to that of the grantor. * * * *"

Assuming that Mrs. Downing is an adverse claimant in possession (Wall v. Cox, 181 U. S. 244, 21 Sup. Ct. 642, 45 L. Ed. 845; Re Grahs, 1 Am. Bankr. Rep. 465; Re Cohn [D. C.] 3 Am. Bankr. Rep. 421, 98 Fed. 75), I do not think the statute applies to judicial sales of an interest in real estate held adversely when ordered by a court of competent jurisdiction. Coleman v. Manhattan Beach Improvement Co., 94 N. Y. 229, 234. Such a deed under the circumstances of this case by order of the court would not be "within the mischief at which the statute was aimed or the intention of the Legislature."

[3] The learned counsel presents this question with great learning and ability, but I think it cannot be said that the trustee will be selling a mere "pretended" title or interest. So far as appears, the alleged right is asserted in good faith, and, if successfully asserted by action, will give a right to the property and its sale and the application of the proceeds to the payment of the debts of the bankrupt. I think the difficulty is that the trustee may not have any interest whatever in the property which is the subject of a conveyance. The bankrupt had none. His grantee has all the title, legal and equitable, and holds it, if wrongfully, for the creditors, subject to be divested in their interest and for their benefit in the mode prescribed by law. This interest in the property may be recovered by the trustee if he succeeds in setting aside the deed. But the bankruptcy act does not purport to vest the title and interest held by a fraudulent vendee (deed executed and delivered more than four months prior to bankruptcy) in the trustee. The act refers to and mentions the title of the bankrupt. Still the right to recover out of the real property the full amount necessary to pay the debts of the bankrupt is vested in the trustee. The act says:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided and may recover the property so transferred or its value from the person to whom it was transferred," etc.

192 F.—44

If he may recover the property or its value, can it be said he has no interest therein?

In Traer v. Clews, 115 U. S. 528, 539, 6 Sup. Ct. 155, 159 (29 L. Ed. 467), the general rule is stated thus:

"The rule is that an assignment of a mere right to file a bill in equity for fraud committed upon the assignor will be void as contrary to public policy and savoring of maintenance. But, when property is conveyed, the fact that the grantee may be compelled to bring a suit to enforce his right to the property does not render the conveyance void."

See, also, Dickinson v. Burrell L. R., 1 Eq. 337; Brush v. Sweet. 38 Mich. 574; McMahon v. Allen, 35 N. Y. 403; Conn. Mut. Life Ins. Co. v. Smith, 117 Mo. 261, 22 S. W. 623, 38 Am. St. Rep. 656; 4 Cyc. 12–14, and cases there cited; 2 Story's Eq. Jur. § 1040. Of course, a distinction may be made between an assignment of such a claim made by the party defrauded and one made by his trustee in bankruptcy.

It seems to me that inasmuch as the trustee in bankruptcy is vested with all the rights, remedies, and powers of a judgment creditor of the bankrupt with execution returned unsatisfied, and one of those rights is (assuming the transfer was in fraud of creditors) to set aside the transfer, have the specific real property sold, or sell same, and the proceeds applied to the payment of all proved and allowed claims against the bankrupt, the trustee has an interest in such property. His rights and interest are something more than a mere possibility or expectancy, not coupled with any interest in or growing out of property. And it is something more than a litigious right. If the action is prosecuted successfully, the judgment reaches and operates on the specific property sold or transferred by the bankrupt, the title of the fraudulent vendee is divested, and the true title transferred to a purchaser or to the trustee in bankruptcy and the proceeds so far as necessary go to the trustee for creditors or to the purchaser of such rights from such trustee. It is true that the transferee (assignee) of the trustee in bankruptcy would not be prosecuting the action for the benefit of the creditors of the bankrupt, but in his own interest and for his own benefit. The answer to this is that such assignee of the trustee has paid a consideration for the transfer of the rights to the trustee who holds same for the creditors. The creditors do not object to this mode of realizing on the claim or right of action, but, in fact, make a resort thereto necessary. The assignment of the right of action with a transfer of such interest as the trustee has in the real property in no way prejudices Mrs. Downing. She is not deprived of any defense.

In Chester v. Jumel et al., 125 N. Y. 237, 251, 26 N. E. 297, one Jumel died owning certain real estate, and certain persons entered into possession thereof, and claimed to be the owners thereof. Certain of the heirs of Jumel employed one De Chambrun to prosecute their claim to this property, and recover same, and agreed to give him a lien upon and interest in the property recovered to the extent of 47½ per cent. thereof, which was to be a lien or mortgage thereon. Before any of such property had been recovered, De Chambrun assigned and transferred for a consideration certain undivided shares of his interest in such property to various parties. The court held that De Cham-

brun had a contingent interest in such property, and that as property was recovered from time to time this contingent interest ripened into an equitable lien on such property. Also:

"That the rights of De Chambrun in this property, whether vested or contingent, and whether the property was in existence or not, were at all times alienable by him in whole or in part at his will and pleasure, is too well settled by authority to admit controversy."

It seems to me that, if De Chambrun had an alienable interest in the Jumel property while in the hands of adverse claimants in possession, the trustee in bankruptcy has an alienable interest in the property here in controversy. In Jones v. Mayor, etc., 90 N. Y. 387, one K. assigned to Jones certain claims against the city of New York which were not legally enforceable. Subsequently the Legislature of the state passed an act making the city liable for claims of that character. The court held that the assignment of K. to Jones was good, and operated as an equitable assignment of whatever might ultimately be allowed to K. on his claims, and the fact that there was no fund in existence or claim which could be enforced by action at the time of the assignment did not prevent the instrument taking effect at the later time when the Legislature created the liability. Here the property is in existence, and, if the deed to Mrs. Downing is set aside as fraudulent as to creditors, the title thereto would vest in the trustee if no transfer were made and will vest in Troutwine if the transfer and assignment is made. The interest is contingent on the success of the suit, but not more so than was the interest in the Jumel property. In view of all the authorities, I am compelled to hold that, while the right of a trustee in bankruptcy to bring suit to set aside a deed as made in fraud of the creditors of the bankrupt may not alone be assigned, still a trustee in bankruptcy has a transferable interest in real estate owned by the bankrupt and transferred by him in fraud of his creditors more than four months before the institution of proceedings in bankruptcy against him, and that such trustee may transfer or convey same and assign with it the rights vested in him by statute to maintain an action to set aside such fraudulent transfer. I also hold that such transfers and assignments by trustees should only be authorized and permitted under extraordinary and peculiar circumstances making such course necessary to protect and serve the best interests of the estate.

The order of the referee is therefore affirmed.

See, also, In re Matthew McNamara, 2 Am. Bankr. Rep. 566, 577, 578, and Carr v. Hilton, 5 Fed. Cas. 134.