COURTNEY v. SHEA et al.

SAME v. WHALLEN.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1915.)

Nos. 2630, 2665.

1. BANKRUPTCY ⬳440—RECOVERY OF PROPERTY—SUMMARY PROCEEDINGS.
    Petitions by a trustee in bankruptcy, praying for a rule against the bankrupt and his wife, requiring them to pay money deposited in a bank in the wife's name and stock in a building association issued in the wife's name, and praying for a rule against a third person individually and as executor, requiring him to show cause why he should not pay to the

trustee a sum the bankrupt had paid for stock in a building association and had transferred to such third person, initiate proceedings summary in character, and decisions thereon are reviewable under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (Comp. St. 1913, § 9608), and are not appealable under section 24a (section 9608) as a controversy arising in bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ☞440.]

2. BANKRUPTCY ☞440—RECOVERY OF PROPERTY—ADVERSE CLAIM—SUMMARY PROCEEDINGS—APPEAL—PETITIONS TO REVISE.

The remedy to revise in a matter of law given by Bankr. Act, § 24b, and the remedy of appeal under section 24a, are mutually exclusive; and where the proper remedy is to revise, an appeal also taken will be dismissed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ☞440.]

3. BANKRUPTCY ☞288—RECOVERY OF PROPERTY—ADVERSE CLAIMS—SUMMARY PROCEEDINGS.

Where the adverse claim of a third person existing at the time of the filing of the petition in bankruptcy will sustain a judgment in favor of the third person if supported by uncontradicted testimony, the trustee must resort to a plenary suit to recover the property adversely claimed; but where the adverse claim is merely frivolous, such as that of an agent or bailee holding in the interest of the bankrupt, the trustee may maintain summary proceeding for the recovery of the property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. ☞288.]

4. BANKRUPTCY ☞288—RECOVERY OF PROPERTY—ADVERSE CLAIMS—SUMMARY PROCEEDINGS.

Between April, 1913, and November following, the bankrupt gave to his wife $3,970.38, which she deposited to her own credit. She checked against the account, so that only $684.47 remained on November 10th. The husband was adjudged a bankrupt on November 11th. The wife thereafter withdrew for necessary household and personal expenses $449.93, and so reduced her credit to $234.54. Shortly after the marriage of the parties, in 1906, the bankrupt began to deliver most of his earnings to his wife, on the understanding that she should pay the family expenses, and the savings, if any, should belong to her. She invested the savings in building association stock in her own name. *Held* that the wife, as to the stock and the money deposited in the bank, except $234.54, had a bona fide adverse claim, which she was entitled to have tried in a plenary action as against the trustee in bankruptcy, notwithstanding Ky. St. 1909, § 1907, providing that every gift by a debtor shall be void as to existing creditors, which section can be relied on only in a plenary action.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. ☞288.]

5. BANKRUPTCY ☞288—RECOVERY OF PROPERTY—ADVERSE CLAIMS—SUMMARY PROCEEDINGS.

Where one, over a year before he was adjudged a bankrupt, transferred stock in a building association in alleged fraud of his creditors, the trustee can only maintain a plenary action against the transferee for relief.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. ☞288.]

Appeals from, and Petitions to Revise Orders of, the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petitions by R. H. Courtney, trustee in bankruptcy of John H. Shea, against John H. Shea and Irene Shea, and against James P. Whallen, individually and as executor of John H. Whallen, deceased. From orders (211 Fed. 365) granting insufficient relief, the trustee appeals, and also brings petitions to revise. Orders affirmed, and appeals dismissed.

On November 11, 1913, John H. Shea was adjudicated a bankrupt on his petition of that date, and later R. H. Courtney was appointed trustee of the bankrupt's estate. Upon examination into the condition of the estate, it appeared that certain moneys had been deposited in bank, and certain other moneys invested in shares of stock in two building associations, the Avery Building Association and the Portland Building & Loan Association, in the name of the bankrupt's wife, Irene Shea. On January 2, 1914, the trustee filed a petition in the court below, alleging that these moneys and stocks belonged to the bankrupt, and that Irene Shea claimed to be the owner of the moneys and securities. The prayer was for a rule against the bankrupt and Irene Shea, requiring them to pay to the petitioner the money and to turn over to him the shares of stock. On the same date a rule was issued against the bankrupt and his wife to show cause why the prayer of the petition should not be allowed. Response was filed by Shea and his wife, setting out many details which need not be repeated. Upon the hearing the referee adjudged the response to be insufficient and made the rule absolute.

On January 16, 1914, the trustee also filed a petition in the court below against James P. Whallen, individually and as executor of John H. Whallen, claiming that the bankrupt had placed in the possession of the Whallens certificate 484 for 50 shares of stock in the Avery Building Association; that Shea had paid $1,470 to the building association on account of such shares of stock; and that Shea, without receiving any consideration therefor, had, on August 31, 1912, transferred the certificate to James P. and John H. Whallen for the purpose of defrauding the creditors of the bankrupt; that John H. Whallen had since died testate, and James P. had qualified as his executor. The petition contained a prayer for a rule against James P. Whallen, individually and as such executor, requiring him to show cause why he should not pay to the trustee the sum of $1,470, and to turn over to him the certificate representing the stock. Response was filed by James P. Whallen, individually and as such executor, stating that on August 31, 1912, he with John H. Whallen purchased from Shea this certificate of stock and paid therefor the sum of $1,125, part in cash and part through discharge of Shea's obligations to them for loans of money theretofore made to him; that after the date of such purchase the Whallens paid to the building association on account of the shares $370, making the total value of the certificate $1,494; and that the Whallens were the absolute owners of the stock. The referee, adjudging the response to be sufficient, discharged the rule, without costs.

In the first proceeding Shea and his wife filed a petition for review, and in the second the trustee filed a like petition, in the District Court. In that court the order in the first proceeding was affirmed only to the extent of requiring respondents to pay to the trustee $234.54 out of the moneys then on deposit to the credit of Irene Shea, or under her control, in the First National Bank of Louisville, but in all other respects the order was reversed and set aside; and the order in the second proceeding was affirmed. So far as the order in the first proceeding was affirmed, it seems to have been acquiesced in by the respondents; at least they have taken no steps to have it reviewed. The trustee adopted two remedies for bringing the modified order in the first proceeding and the entire order in the second under review in this court; one was by appeal, and the other by petition to revise in matter of law. Each proceeding was docketed here as a separate case, though both cases are included in one record and were argued and submitted as one cause.

B. K. Marshall, of Louisville, Ky., for appellant and petitioner.

J. B. Baskin, of Louisville, Ky., for appellees and respondents.

Before WARRINGTON and DENISON, Circuit Judges, and SESSIONS, District Judge.

WARRINGTON, Circuit Judge (after stating the facts as above). [1, 2] Counsel do not concern themselves about the remedies adopted by the trustee to bring these cases into this court. Since each proceeding is summary in character and object, we think each is a proceeding in bankruptcy, reviewable under section 24b, and not appealable as a controversy arising in bankruptcy proceedings under section 24a. First Nat. Bank v. Title & Trust Co., 198 U. S. 280, 288, 291, 25 Sup. Ct. 693, 49 L. Ed. 1051; In re Goldstein, 216 Fed. 887, 888, 133 C. C. A. 91 (C. C. A. 7th Cir.); In re Farrell, 176 Fed. 505, 507–509, 100 C. C. A. 63 and citations (C. C. A. 6th Cir.); In re Rose Shoe Mfg. Co., 168 Fed. 39, 40, 93 C. C. A. 461 (C. C. A. 2d Cir.); In re Rathman, 183 Fed. 913, 929, 106 C. C. A. 253 (C. C. A. 8th Cir.). The two remedies adopted, the one to revise in matter of law and the other to appeal, are mutually exclusive (Baines v. Pampel, 192 Fed. 525, 527, 113 C. C. A. 81 [C. C. A. 6th Cir]; In re Martin, 201 Fed. 31, 37, 119 C. C. A. 363 [C. C. A. 6th Cir.]); and the appeals will be dismissed.

[3] The controlling question in each case is whether the trustee was entitled to summary processes, or, stated in another way, whether he was required to proceed by plenary suits to recover the moneys and stocks in dispute. Every legitimate object of summary proceedings such as these is accomplished, and they should be dismissed, when it appears that the property sought to be recovered is in possession of a third person and held under an adverse claim, which existed at the time the petition in bankruptcy was filed, and which, if supported by uncontradicted testimony, would sustain a judgment in favor of the claimant, even though the claim might in the end prove to be fraudulent and voidable: but of course a merely frivolous claim, such as that of an agent or bailee holding in the interest of the bankrupt, should not be allowed to defeat summary process. In re Yorkville Coal Co., 211 Fed. 619, 621, 128 C. C. A. 570 (C. C. A. 2d Cir.); In re Bacon, 210 Fed. 129, 134, 126 C. C. A. 643 (C. C. A. 2d Cir.); In re Goldstein, supra, at page 888 of 216 Fed., 133 C. C. A. 91; In re Blum, 202 Fed. 883, 884, 121 C. C. A. 241 (C. C. A. 7th Cir.); Shea v. Lewis, 206 Fed. 877, 880, 881, 124 C. C. A. 537 (C. C. A. 8th Cir.); In re Rathman, supra, 183 Fed. at page 918 et seq., 106 C. C. A. 253; In re Cohn (D. C.) 98 Fed. 75, opinion by Judge Addison Brown; In re Green (D. C.) 108 Fed. 616, opinion by Judge McPherson. It results that, where the adverse claim is of the character first pointed out, the trustee must resort to plenary suit, but that, where the adverse claim is of the character secondly pointed out, a summary proceeding may be maintained. Babbitt v. Dutcher, 216 U. S. 102, 113, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969.

[4] 1. In her response to the petition of the trustee, Irene Shea in terms alleges that the court below and the referee had no jurisdiction of the proceeding brought against her; and we find nothing looking to a waiver of her rights in this behalf. The most that she did was to yield to compulsory process to appear and testify. Further, one of the defenses set up by the respondents is that within a few weeks after their marriage, January, 1906, they entered into an agreement, concerning which the learned trial judge found:

"It seems not to be disputed, and we therefore find it to be true, that shortly after the marriage of the respondents early in 1906, the bankrupt arranged with his wife to put most of his earnings in her hands, she to pay all bills, expenses, etc., of the family, and if she, by judicious and economical management, saved anything out of the money, the amount thus saved was to become her property."

Mrs. Shea testified in substance that the agreement had ever since been observed and carried out. The referee made no allusion to this agreement or the testimony supporting it, either in his opinion or certificate. Between April, 1913, and the following November, though prior to the bankruptcy, it appears that the bankrupt gave to his wife $3,970.38, which was deposited to her credit in the First National Bank of Louisville, and within the same period she checked out of this account $3,285.91, leaving a balance to her credit of $684.47 at the time the proceeding in bankruptcy was begun. After the bankruptcy, and in November and December of that year, Mrs. Shea, according to her uncontradicted response, checked against this balance for necessary household and personal expenses to the amount of $449.93. This sum was withdrawn in part by checks running in favor of third persons in payment of rent, supplies, etc., and the rest by checks for cash to herself, reducing the balance in bank to $234.54. This is the sum as to which the court affirmed the order of the referee. In other words, this was the only money found to be in possession of the wife at the commencement of the present proceeding—January 2, 1914. We are not concerned with this sum, for the reason, pointed out in the statement, that no steps have been taken to review the partial affirmance. The trustee claims, however, both in his petition and in argument, that the wife should be required to pay over the entire balance of $684.47. This ignores the rights of the persons who received Mrs. Shea's checks before the trustee began his summary proceeding. It is not suggested that those persons did not receive the checks, or the sums for which they were drawn; and Mrs. Shea could no more be compelled by summary process to pay over money she had so disposed of than the rights of the persons who were in possession of it could be adjudicated in their absence. And as to the portion withdrawn by Mrs. Shea in her own favor for the purposes stated, she further says in her response that the money was used before she knew any part of it would be claimed by the trustee, and this is not disputed. True, she made a deposit of money during this period; but it cannot be presumed to be the same money she had checked out.

The money paid to the building associations, it is true, was given to Mrs. Shea by the bankrupt; but as early as August 30, 1911, she purchased from one Hite a passbook, No. 2604, representing 20 shares of stock in the Avery Building Association, and paid therefor $162; she paid further sums to the association on account of these shares in 1911 and 1912, amounting to $38. On February 17, 1912, Mrs. Shea purchased from one Ray a passbook, No. 1208, for 30 additional shares of the association before named, for $162, and subsequently during that year, and also between January 4 and November 1, 1913, she continued to make payments on account of such shares to the amount of $473, aggregating a total investment in the shares of that association

of $837. Between January 25, 1911, and November 1, 1913, Mrs. Shea purchased shares of stock in the Portland Building & Loan Association, and made payments thereon in the ordinary way from time to time to the amount of $1,958. The passbooks were all purchased and kept in her name. When the dates of these purchases of the passbooks in the two associations and of the payments made on account of the shares therein are considered, it is perfectly plain that the claims made by Mrs. Shea to the moneys used to pay for the shares, and to the shares themselves, are substantial; it is therefore vain to insist that her claims are but colorable.

Reliance is placed upon the nature of a suit which was brought in the name of a taxpayer on behalf of Jefferson county, Ky., against the bankrupt, and which resulted in a judgment against him and in the voluntary proceeding in bankruptcy; also upon section 1907 of the Kentucky Statutes, which provides in substance that every gift made by a debtor "shall be void as to all of his then existing liabilities"; but the enactment further provides that such gifts shall not be "void as to creditors whose debts or demands are thereafter contracted," etc. It is enough to say of the contentions made in respect of these matters that they may be of weight in a plenary suit; but we hold that they cannot be employed in support of a summary proceeding such as this.

[5] 2. It is not necessary to dwell upon the proceeding brought against Whallen. His response, which is in substance set out in the statement, is fairly sustained by his own testimony; and we do not discover anything in the record opposed to his version of the transaction. Both the referee and the District Judge held the response and the testimony in its support to be sufficient. The referee discharged the rule, and the court affirmed his order.

The orders as made by the District Judge in both proceedings are affirmed, and the appeals therein are dismissed, with costs.