## In re DETROIT WATERPROOF FABRIC CO.

### Petitions of FORD MOTOR CO.

(District Court, E. D. Michigan, S. D.   January 8, 1924.   On Rehearing, February 19, 1924.)

### No. 5916.

I. **Bankruptcy** ⧯288(1)—**Transferee of fire policies covering bankrupt's property, claiming lien in proceeds, held entitled to adjudication of rights in plenary suit in state court.**

Where debtor gave guarantor of indebtedness a chattel mortgage to secure guarantor against loss, and thereafter transferred to guarantor

fire policies covering the mortgaged property, the guarantor claiming a lien on proceeds of policies to the extent of the amount for which it was liable under its guaranty following destruction of goods and bankruptcy of debtor, could not be required by summary proceedings in bankruptcy court to surrender possession of policies and to file claim for a lien in bankruptcy proceedings, but was entitled to have its rights determined in a plenary suit in a state court of competent jurisdiction, notwithstanding Bankruptcy Act, § 70 (Comp. St. § 9654), vesting title to documents relating to bankrupt's property in trustee.

2. Bankruptcy ⬤288(1)—Possession of documents evidencing choses in action constitutes possession of property represented.

Documents or written instruments, such as insurance policies, evidencing choses in action of a bankrupt, are part of the assets of such bankrupt, and possession thereof constitutes possession of the property which they represent.

3. Bankruptcy ⬤288(1)—Property represented by document in possession of adverse claimant not in constructive possession of court.

The rule that the bankruptcy court through its officers has constructive possession of choses in action belonging to the bankrupt's estate is applicable only to choses in action consisting of mere debts or demands wholly intangible, and not to choses evidenced by a physical document, such as an insurance policy delivered to adverse claimants by bankrupt prior to bankruptcy.

4. Insurance ⬤213—Assignee of policy has interest in proceeds.

The assignee, legal or equitable, of an insurance policy transferred absolutely or as security, has an interest in such policy, and in the proceeds of insurance represented thereby, of a nature and extent according to the character of the assignment.

5. Bankruptcy ⬤157—Leave granted petitioner to make trustee party defendant in petitioner's action in state court.

Where debtor gave guarantor of indebtedness a chattel mortgage to protect against loss under the guaranty, and transferred to it fire policies on the mortgaged property, and where the guarantor, following the destruction of the goods and the bankruptcy of the debtor, brought an action to have court decree that it had a lien on the proceeds to the extent of the amount for which it was liable under its guaranty, the bankruptcy court, on guarantor's petition, will grant it leave to join the trustee in bankruptcy as a party to such suit, and will assume that the state court, on application by the trustee, will make any order necessary or advisable to protect the rights and equities of all interested parties.

In Bankruptcy. In the matter of the Detroit Waterproof Fabric Company, bankrupt. On petition of the Ford Motor Company to review an order of one of the referees in bankruptcy requiring petitioner to surrender to the trustee insurance policies in petitioner's possession and to file its claim to a lien on proceeds in the bankruptcy court, and by same petitioner for leave to join trustee in bankruptcy as party defendant in a certain suit instituted by petitioner in a state court. Order that petitioner surrender policies and file claim set aside, and leave granted to join trustee as party defendant to suit in state court.

Clifford B. Longley and R. E. Hofelich, both of Detroit, Mich., for petitioner.

Anderson, Wilcox, Lacy & Lawson, of Detroit, Mich., for trustee in bankruptcy.

TUTTLE, District Judge. This cause is before the court on two petitions filed herein by the Ford Motor Company, hereinafter referred

to as the petitioner; one being a petition to review an order of one of the referees in bankruptcy in certain summary proceedings hereinafter mentioned, and the other being a petition praying· leave to join the trustee in bankruptcy herein as a party defendant in a certain suit instituted by said petitioner in one of the state courts of Michigan. The material facts involved are undisputed and are as follows:

On March 13, 1923, the Detroit Waterproof Fabric Company, a Michigan corporation (afterwards adjudged a bankrupt herein), being indebted to the National Bank of Commerce of Detroit in the sum of $63,988.42, entered into an agreement with the petitioner whereby the latter guaranteed payment of such indebtedness and on the same day, to secure petitioner against loss under said guarantee, the bankrupt executed and delivered to the petitioner a chattel mortgage covering certain of its property. In said mortgage it was provided that during the continuance of said guaranty the mortgagor would keep the mortgaged property insured against loss by fire in the name of the mortgagee in such sum and with such companies as the latter might approve. This mortgage was duly recorded, and no question as to such recording is here involved. It is, however, claimed by the trustees in bankruptcy that said mortgage constitutes a preference to the petitioner and to the National Bank of Commerce, and that it was given without legal authority from the directors or the stockholders of the bankrupt corporation, as required by law. The mortgaged property was insured by the mortgagor against fire in various companies, and under various insurance policies, in the total sum of $150,000. It is alleged by the petitioner in its bill filed in the state court (and it has not been disputed) that certain of said policies recited that said insurance was for the benefit of said Detroit Waterproof Fabric Company or for account of whom it might concern as their interest might appear. On March 20, 1923, the mortgaged property, which remained in the possession of the mortgagor (no steps to foreclose the mortgage having been taken) was almost totally destroyed by fire. The portion of the property not destroyed came into the possession of the trustee in bankruptcy and was sold under an order of this court under an agreement between the trustee and the petitioner that the proceeds of such sale should be held subject to the decision of this court as to their respective interests therein. Immediately after said fire riders were attached to the policies last mentioned, showing the interest of the petitioner, as mortgagee, in the insured property and the policies were delivered by the mortgagor to, and have since remained in the possession of, the petitioner.

On April 10, 1923, the petition in bankruptcy herein was filed against said mortgagor and on April 23, 1923, it was adjudged a bankrupt. On May 22, 1923, the Detroit Trust Company was elected trustee in bankruptcy and duly qualified and is acting as such. On July 20, 1923, petitioner filed its bill of complaint in the circuit court for the county of Wayne in chancery, the state court hereinbefore mentioned, alleging the foregoing facts and praying that it be decreed to have a lien on the proceeds of the said insurance policies to the extent of the amount for which it was liable under its aforesaid guarantee, that the said insurance companies be decreed to pay to it the proceeds of

said policies or so much thereof as should be necessary to indemnify and reimburse it for its loss under said guaranty, and that said insurance companies be enjoined from paying the proceeds of said policies to said trustee in bankruptcy until satisfaction of the claim and interest of petitioner therein. The trustee in bankruptcy was named as a party defendant to said suit but service of process on it was withheld pending the decision of this court on the petition for leave to join said trustee as such party. On the filing of said bill, a temporary injunction was granted restraining the defendant insurance companies from making payments to the trustee in bankruptcy until the further order of the court. The insurance companies have filed an answer in said suit alleging that the insurance in question was invalidated by the execution of the chattel mortgage referred to. On July 24, 1923, the petitioner filed in the present cause its petition for leave to join the trustee in bankruptcy herein as a party defendant to the suit in the state court.

On July 26, 1923, the trustee in bankruptcy filed with the referees in bankruptcy of this court a petition praying that the Ford Motor Company be required to show cause why it should not surrender to said trustee the insurance policies involved and why it should not be required to file a petition with said referees for the determination of its claim to the proceeds of said policies. Said petition alleged that the policies were a part of the papers, records and documents belonging to the bankrupt, that the trustee in bankruptcy was entitled to possession thereof, and that said chattel mortgage was void as to the creditors of the bankrupt. On the same day, an order to show cause was granted by the referees as prayed. On the return day the Ford Motor Company filed with the referees a motion to dismiss the petition of the trustee on the ground that the rights involved could be tried only in a plenary suit. The motion having been denied, the Ford Motor Company filed its answer to the order to show cause, again denying the jurisdiction of the bankruptcy court over it, referring to the suit already instituted by it in the state court for the enforcement of its claimed lien on said policies and claiming the right to possession of said policies under such lien. Thereupon an order was entered by one of the referees directing that "said Ford Motor Company do forthwith surrender to the trustee herein the insurance policies now in possession of the said Ford Motor Company" and ordering "that the said Ford Motor Company do within ten days from the date of the entry of this order file herein a petition setting forth its claim to a lien upon the moneys due the bankrupt herein under and by virtue of the terms of said insurance policies." The return of the referee to the petition for review has been filed, showing the aforesaid facts and proceedings and the legal conclusions on which said order was based. By arrangement between the parties, the petition to review the order of the referee and the petition for leave to join the trustee as a party to the suit in the state court have been argued and submitted together.

[1] It is stated in the return of the referee that the order complained of was entered for the reason that, in his opinion, the insurance policies in controversy constitute a part of the documents relating to the bankrupt's property, the title to which, by virtue of section 70 of the Bank-

ruptcy Act (Comp. St. § 9654), vests in the trustee in bankruptcy by operation of law. The question, however, now involved is not whether the trustee or the petitioner is entitled to possession of these policies, but whether the trustee is entitled to litigate, as it has attempted to do, its claim to the right of possession thereof by summary proceedings in the bankruptcy cause. The question to be determined at the present time is not a question of title but one of remedy. If the trustee were in possession of the insurance policies, or if the petitioner or any other person were holding possession thereof merely for, or under, the bankrupt or the trustee as its successor in interest, such summary proceedings would be the proper procedure for adjudication of the conflicting claims concerning such policies. As, however, the petitioner is, and at the time of the filing of the bankruptcy petition herein was, in actual possession of the policies in controversy, and asserting a claim (not simply colorable but of a substantial character) to the right to hold such possession in its own interest and adversely to the bankrupt and to the trustee, petitioner is an adverse claimant, and its rights as such cannot, against its consent, be tried in this summary proceeding, but only in a plenary suit in a court of competent jurisdiction. Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; Galbraith v. Vallely, 256 U. S. 46, 41 Sup. Ct. 415, 65 L. Ed. 823; Courtney v. Shea, 225 Fed. 358, 140 C. C. A. 382 (C. C. A. 6).

It was further held by the referee that the petitioner was "a lien claimant and not an adverse claimant." The fact, however, that a person in possession of property claims only a lien on, and not title to, such property cannot affect the legal capacity and status of such person as an adverse claimant, but in either case the latter is entitled to insist that its rights be litigated in a plenary suit outside of the bankruptcy proceedings. In re Rathman, 183 Fed. 913, 106 C. C. A. 253, (C. C. A. 8); In re Bacon, 210 Fed. 129, 126 C. C. A. 643 (C. C. A. 2).

[2] Nor is the situation changed by the fact that the property originally covered by the chattel mortgage in question was never in the possession of the petitioner. That is not the property here in dispute. The present controversy relates only to the insurance policies actually delivered by the bankrupt, before the filing of the petition in bankruptcy, to the petitioner and now in the possession of said petitioner claiming rights therein as transferee thereof, adversely to the trustee. Documents or written instruments such as these policies, evidencing, as they do, choses in action of a bankrupt, are part of the assets of such bankrupt and possession thereof constitutes possession of the property which they represent. Copeland v. Martin, 182 Fed. 805, 105 C. C. A. 237 (C. C. A. 5); Jones v. Coates, 196 Fed. 860, 116 C. C. A. 422 (C. C. A. 8); Ward v. First National Bank, 202 Fed. 609, 120 C. C. A. 655 (C. C. A. 6); In re Bacon, supra; In re Flanigan (D. C.) 228 Fed. 339; In re Interocean Transportation Company (D. C.) 232 Fed. 408.

[3] The trustee invokes the rule, and cites in its support the case of Orinoco Iron Co. v. Metzel, 230 Fed. 40, 144 C. C. A. 338 (C. C. A.

6), to the effect that the bankruptcy court through its officers has constructive possession of choses in action belonging to the estate of a bankrupt. That rule, however, is applicable only to choses in action consisting, as in the Orinoco Iron Company Case, of mere debts or demands wholly intangible in their character, and cannot be applied to a chose in action evidenced and represented, as here, by a physical document such as an insurance policy which has been before bankruptcy delivered by the bankrupt to, and remains in the actual possession of, an adverse claimant. The distinction is clearly shown and referred to by the court in its opinion in the case just cited.

· [4] The assignee, legal or equitable, of an insurance policy, transferred absolutely or as security, has an interest in such policy and in the proceeds of insurance represented thereby, of a nature and extent according to the character of the assignment. McDonald v. Daskam, 116 Fed. 276, 53 C. C. A. 554 (C. C. A. 7); Mutual Benefit Life Insurance Co. v. Swett, 222 Fed. 200, 137 C. C. A. 640, Ann. Cas. 1917B, 298 (C. C. A. 6); In re Flanigan, supra; In re Baird (D. C.) 245 Fed. 504; Sullivan v. Myer, 137 Tenn. 412, 193 S. W. 124, 39 Am. Bankr. Rep. 314.

The merits of the respective claims concerning the alleged voidability and invalidity of the chattel mortgage and the alleged transfer of the policies in question are not now before this court and no opinion relative thereto is intended to be here expressed. As, however, the petitioner is in possession of said policies as an adverse claimant asserting a lien on the proceeds thereof, it is entitled, as already pointed out, to have its rights respecting such claimed lien determined in a plenary suit in a court of competent jurisdiction. Furthermore, it is not obliged to seek enforcement of its alleged security in the bankruptcy court, but may choose its own form for that purpose, at least so long as the proper administration of the estate of the bankrupt in this court is not thereby interfered with. In re San Gabriel Sanatorium Co., 111 Fed. 892, 50 C. C. A. 56 (C. C. A. 9); Duncan v. Girand, 276 Fed. 554 (C. C. A. 5); In re Bennett, 285 Fed. 351 (C. C. A. 7); In re Pharmaceutical Co. (D. C.) 286 Fed. 148.

[5] No reason appears why the circuit court for the county of Wayne cannot fairly and properly adjudicate the claims of the trustee as well as those of the petitioner in the suit now pending before it and commenced prior to the time when the bankruptcy court was asked to determine such claims. That court can, and does, consider and decide questions and rights arising under the Bankruptcy Act where they are involved in proceedings over which it has acquired jurisdiction. This court ought not to refuse to grant leave to petitioner to join the trustee in bankruptcy as a party to the suit in the state court unless this court would also enjoin, on application, the prosecution of such suit against said trustee. To issue such an injunction in the present case would, in my opinion, be contrary to the rule and spirit of comity which should and does prevail between the federal and state courts, and would be an abuse of the sound discretion vested in this court in the premises. It must be, and is, assumed that the state court will, on application to it by the trustee, make such order as may be necessary or advisable to protect the rights and equities of all interested parties.

It follows that the order of the referee must be set aside, and that leave should be granted to petitioner to join the trustee in bankruptcy herein as a party defendant to the suit in the state court. Orders will be entered accordingly.

## On Rehearing.

The trustee in bankruptcy has moved for a rehearing and new trial upon the issues involved in its petition and order to show cause against the Ford Motor Company and in the counter petition of the Ford Motor Company, as referred to and discussed in the opinion of this court already filed herein. It is alleged in the motion for a rehearing that the trustee—

"acquired possession of the property of the bankrupt not destroyed by fire, upon which the alleged lien of the Ford Motor Company existed, thereby vesting jurisdiction in this court to draw unto it all lien claimants holding liens upon such property, and to adjudicate their rights therein upon their liens in their entirety."

The argument for the trustee runs as follows: It is said that two distinct issues were involved in this matter; that the first of such issues was the question as to the right of the trustee to obtain possession of the insurance policies involved and claimed to be held by the Ford Motor Company as an adverse claimant; that this question was disposed of by this court in its former opinion, the merits of which opinion counsel for the trustee disclaim any disposition to argue. It is, however, urged that the second issue involved was the question as to the jurisdiction of this court to compel the Ford Motor Company to litigate, in this court, the validity of its claim of lien under its chattel mortgage referred to in said opinion, and it is insisted that such opinion, in so far as it gives to the Ford Motor Company the right to join the trustee as a party to the suit commenced in the state court, should be amended so as to enable the trustee to litigate in the bankruptcy court the validity of said chattel mortgage. It is pointed out on behalf of the trustee that the tangible property of the bankrupt, covered by said alleged mortgage and not destroyed by the fire in question, came into the possession of the trustee. This possession by the bankruptcy court, through its trustee, of such tangible property, undoubtedly had the effect of conferring on said court jurisdiction to determine, even in summary proceedings, the validity of said mortgage, at least as to such property so in the possession of the bankruptcy court, and as to the proceeds of the bankruptcy sale of such property. The exercise, in a proper proceeding, of that jurisdiction, would necessarily require a decision as to the validity of such mortgage. Such jurisdiction, however, was not (and so far as this court is informed has not yet been) properly invoked by the trustee. The petition filed by the trustee with the referees for the summary order rendered thereon (which is the only petition of the trustee to which the attention of this court has been called) did not specify any grounds for its general allegation that the chattel mortgage in question was "invalid and void," and the only prayer of such petition was for an order—

"directing said Ford Motor Company to forthwith deliver to petitioner, as trustee, said insurance policies hereinbefore enumerated, and that said Ford

Motor Company file in this cause a petition setting forth their claim of lien to the moneys due under said insurance policies, to the end that the rights of the said Ford Motor Company to a lien upon the moneys due under said insurance policies, as against your trustee, may be determined by this court."

The order here in question, after reciting that the trustee had filed a petition "praying that the Ford Motor Company, a Delaware corporation, forthwith surrender to said trustee certain insurance policies in the possession of said Ford Motor Company, and further praying that the said Ford Motor Company file in this cause a petition setting forth its claim of lien to the moneys due under and by virtue of said insurance policies, to the end that its rights as such lien claimant should be determined by this court," and after referring to the filing, by said Ford Motor Company, of a motion to dismiss said petition, concluded as follows:

"It is ordered that said motion to dismiss be, and the same is, hereby denied, and it is ordered, adjudged, and decreed that said Ford Motor Company do forthwith surrender to the trustee herein the insurance policies now in possession of the said Ford Motor Company, enumerated and set forth in the petition of the trustee herein; and it is further ordered, adjudged, and decreed that the said Ford Motor Company do, within 10 days from the entry of this order, file herein a petition setting forth its claim to a lien upon the moneys due the bankrupt herein under and by virtue of the terms of said insurance policies."

That was the order whose correctness was challenged by the petition to review brought before this court, and was the order which it was necessary to reverse for the reasons stated in the opinion of this court already filed in this cause.

It is contended on behalf of the trustee that the bankruptcy court acquires jurisdiction, and the trustee acquires title of all property and effects, of the bankrupt as of the date of the filing of the petition in bankruptcy, and that all proceedings bearing upon the validity of liens or the right to litigate the validity of liens from the date of adjudication must be in the District Court, except by consent of the trustee, and it is urged that, therefore, the order of the referee should be affirmed by this court. This contention overlooks the well-settled right of an adverse claimant of property in his possession to have his claim litigated in a plenary suit in any court of competent jurisdiction. There is nothing in the case cited by the trustee (In re Diamond's Estate, 250 Fed. 70 [C. C. A. 6]), which is in conflict with such right or which supports the contention of the trustee in this connection. In that case the court pointed out that the question of ultimate importance, as to the proper remedy, was whether or not the petitioner, at the time bankruptcy intervened, was holding the funds there in question adversely to the bankrupts or their estate, in which event, it was remarked by the court, jurisdiction by summary proceedings would be lacking. The court, however, held:

That it was "well settled that the possession of an assignee for the benefit of creditors is not adverse to the bankrupt or his estate," and that, as the possession of the petitioner (a receiver of a state court) in that case was essentially analogous to that of such an assignee, said receiver "was holding, not in his own right, but merely in an official capacity and as the hand of the court, and not adversely to the bankrupts or their estate, within the meaning of the law."

In the case at bar the present record before this court indicates that the only effort thus far made by the trustee to have the validity of the chattel mortgage in question determined in this court has been the petition for the summary order regarding the insurance policies mentioned, and the only order of the referee which this court has been called on to consider is the summary order in question, which was void because rendered without jurisdiction. This court has not, as the trustee seems to suppose, denied the right of such trustee to litigate in this court the validity of the chattel mortgage referred to, but its decision has necessarily been based upon, and limited to, the record presented. The motion for a rehearing must be denied.