In re GOLDSTEIN et al.

BENJAMIN et al. v. CENTRAL TRUST CO.

(Circuit Court of Appeals, Seventh Circuit. August 12, 1914.)

No. 2016.

1. BANKRUPTCY (§ 439*)—ADMINISTRATION OF ESTATES—SUMMARY ORDERS—REVIEW.

Jurisdiction to review a summary order in bankruptcy proceedings is by original petition under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 439.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 209*)—ADMINISTRATION—OBTAINING ASSETS—ADVERSE TITLE—POSSESSION AS AGENT OR BAILEE—SUMMARY PROCEEDINGS.

Where there is a claim of adverse title to property of bankrupts, based on a transfer antedating bankruptcy, a plenary suit must be brought by the trustee, in which the adverse claim may be tried and adjudicated; but where the property is in the physical possession of a third person, or of an agent of the bankrupts, or of an officer of a bankrupt corporation, who refuses to deliver the property to the bankrupts' trustee, he may recover it by means of a summary order in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 318; Dec. Dig. § 209.*]

3. BANKRUPTCY (§ 212*)—RECOVERY OF ASSETS—NONCOLORABLE CLAIM.

Where a bankrupt's trustee institutes summary proceedings to recover property in the hands of a third person, a noncolorable claim, requiring dismissal of the proceedings at the claimant's instance, substantially appears as soon as the claimant presents his verified answer, which is unmet by the trustee, or which, if met by a replication, is supported by sworn testimony of facts which, if true, would show title and possession antedating the petition in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 236; Dec. Dig. § 212.*]

Petition to Review and Revise Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois, in bankruptcy.

In the matter of bankruptcy proceedings of Morris Goldstein and Benjamin Moseson. Petition to review a summary order directing Benjamin Bros. to pay the Central Trust Company, as the bankrupts' trustee, $8,375 for goods alleged to have been fraudulently transferred by the bankrupts. Reversed, with directions.

This is an original petition to review and revise a summary order of the District Court directing Benjamin Bros. to pay to the trustee in bankruptcy the sum of $8,375.

On December 30, 1912, an involuntary petition in bankruptcy was filed against Goldstein and Moseson. Adjudication was entered February 10, 1913. Later the Central Trust Company was elected trustee.

Prior to May 10, 1913, the judge of the District Court conducted an investigation to discover assets of the bankrupts. During this investigation Benjamin Bros. were brought into court and gave their testimony. At this time no issue of law or fact had been formed for the adjudication of any rights of Benjamin Bros.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On May 10, 1913, the trustee filed its petition, alleging that on December 24, 1912, six days before the involuntary petition·in bankruptcy was filed, Goldstein and Moseson had transferred goods amounting to $8,375 to Benjamin Bros.; that Benjamin Bros. caused Goldstein and Moseson to issue to them fictitious bills of sale, for which Goldstein and Moseson received no consideration; that Benjamin Bros. sold a large part of the property and commingled the remainder with their own, so that the trustee could not identify them. Wherefore the trustee prayed for an order on Benjamin Bros. to show cause why they should not pay $8,375 to the trustee.

Benjamin Bros. filed their verified answers, objecting to the summary proceeding, denying that they had received any of the goods as agents or bailees of Goldstein and Moseson, and averring that prior to the institution of bankruptcy proceedings they had bought and paid for the goods, and had taken possession and were retaining possession of them and of the proceeds of sale as their own.

No replication was filed. A hearing was had by· submitting to the court a transcript of the testimony given by witnesses at the court's investigation to discover assets. In their testimony Benjamin Bros. detailed on oath their purchase and taking possession of the goods on December 24, 1912.

E. N. Zoline, of Chicago, Ill., for petitioner.
Martin J. Isaacs, of Chicago, Ill., for respondent.

Before BAKER, SEAMAN, and MACK, Circuit Judges.

BAKER, Circuit Judge (after stating the facts as above). [1] Jurisdiction to review a summary order in bankruptcy proceedings is by original petition under section 24b. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; In re Blum, 202 Fed. 883, 121 C. C. A. 241; Shea v. Lewis, 206 Fed. 877, 124 C. C. A. 537; In re Yorkville Coal Co. (C. C. A.) 211 Fed. 619.

[2] "There are two classes of cases arising under the act of 1898 and controlled by different principles. The first class is where there is a claim of adverse title to property of the bankrupt, based upon a transfer antedating the bankruptcy. The other class is where there is no claim of adverse title based on any transfer prior to the bankruptcy, but where the property is in the physical possession of a third party, or of an agent of the bankrupt, or of an officer of a bankrupt corporation, who refuses to deliver it to the trustee in bankruptcy. In the former class of cases a plenary suit must be brought, either at law or in equity, by·the trustee, in which the adverse claim of title can be tried and adjudicated. In the latter class it is not necessary to bring a plenary suit, but the bankruptcy court may act summarily and may make an order in a summary proceeding for the delivery of the property to the trustee, without the formality of a formal litigation." Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969.

As the claim of Benjamin Bros. was "based upon a transfer antedating the bankruptcy," it belonged to the class requiring a plenary suit, unless the claim was merely "colorable."

[3] The District Court may pursue the summary method to the point of ascertaining that the alleged adverse claim is substantial and not merely colorable. But substantiality appears as soon as the claimant, in response to the rule to show cause, presents his verified answer, which is unmet by the trustee, or which, if met by a replication, is

supported by sworn testimony of facts which, if true, would show title and possession antedating the petition in bankruptcy. A conclusion that the alleged adverse claim is a cover for the claimant's possession as agent or bailee of the bankrupt cannot be permitted to be reached by the District Court's rejection of the sworn answer and testimony, and thereupon finding that the alleged adverse claim is fraudulent. That end can only be attained if it is the just conclusion of a due trial of a plenary suit. Cases supra.

The order is reversed, with the direction to dismiss the summary proceeding.