### In re GOLDSTEIN et al. PELLER v. CENTRAL TRUST CO.

### MOSESON v. SAME.

#### (Circuit Court of Appeals, Seventh Circuit. August 12, 1914.)

#### Nos. 2018 and 2019.

BANKRUPTCY (§ 288*)—ASSETS—OWNERSHIP—TRANSFER—SUMMARY PROCEEDINGS.

Where, in a proceeding by a bankrupt's trustee to recover assets transferred by the bankrupts to the claimants, they appeared and objected to summary disposition of their rights, denied that they had obtained or held possession as the bankrupts' agent or bailee, and filed answers and gave testimony of facts which, if true, showed title and possession in themselves prior to the institution of bankruptcy proceedings, it was the duty of the court to dismiss the proceeding and remit the trustee to its remedy by plenary action.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

Petitions to Review and Revise Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois, in Bankruptcy.

In the matter of bankruptcy proceedings of Morris Goldstein and Benjamin Moseson. Separate proceedings by the Central Trust Company against Sam Peller and against Ida Moseson to recover possession of assets alleged to be in the possession of the defendants. On petitions to review and revise orders overruling objections to the trial of the issue by summary proceedings in bankruptcy. Reversed.

B. M. Shaffner, of Chicago, Ill., for petitioner Peller.
Bernard J. Brown, of Chicago, Ill., for petitioner Moseson.
Martin J. Isaacs, of Chicago, Ill., for respondent.

Before BAKER, SEAMAN, and MACK, Circuit Judges.

BAKER, Circuit Judge. Peller in one case and Ida Moseson in the other were in possession of property which they respectively had obtained from Goldstein and Moseson before the involuntary petition in bankruptcy was filed. Each objected to a summary disposition of his rights, denied that he obtained or held possession as agent or bailee of Goldstein and Moseson, and filed answers and gave testimony of facts which, if true, showed title and possession in himself prior to the institution of the bankruptcy proceeding.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

For the reasons given in cause No. 2016, 216 Fed. 887, 133 C. C. A. 91, herewith decided, the order in each of these cases is reversed, with the direction to dismiss the summary proceeding.