### In re PETRONIO et al.

### E. PETRONIO & CO. v. CENTRAL TRUST CO. OF ILLINOIS.

(Circuit Court of Appeals, Seventh Circuit. November 2, 1914.)

No. 2144.

1. BANKRUPTCY ⟷439—APPELLATE PROCEEDINGS—MODE OF REVIEW—"PLENARY SUIT"—"SUMMARY PROCEEDING."

A proceeding in a court of bankruptcy, on petition of a trustee to determine the title to property in his possession, but claimed adversely by one not a party to the proceedings, but brought in by citation, is not a "plenary suit," but a "summary proceeding" in the bankruptcy matter, and an order made therein is reviewable by petition to revise, under Bankr. Act July 1, 1898, § 24b, c. 541, 30 Stat. 553 (U. S. Comp. St. 1913, § 9608).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ⟷439.

For other definitions, see Words and Phrases, Second Series, Plenary Proceeding or Suit; also First and Second Series, Summary Proceeding.

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY ⟷212—ORDER RELATING TO POSSESSION OF PROPERTY—MATTERS CONCLUDED.

A summary order of a court of bankruptcy, directing an adverse claimant of property to deliver possession of the same to its receiver, is not an adjudication of the title or right to ultimate possession.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 236; Dec. Dig. ⟷212.]

3. BANKRUPTCY ⟷224—JURISDICTION OF REFEREE—ADVERSE CLAIM TO PROPERTY.

A referee in bankruptcy is without jurisdiction to determine summarily, on petition of a trustee, the validity of a transfer of property to one not a party to the proceedings, who claims the same adversely, and

does not consent to the jurisdiction; nor does the District Court acquire jurisdiction on review of the referee's order.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 383; Dec. Dig. ☞224.]

Petition to Review and Revise Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Eliza Petronio and Luigi Zarosi, trading as E. Petronia & Co., bankrupts; the Central Trust Company of Illinois, trustee. On petition of E. Petronio & Co., a corporation, to review and revise an order of the District Court in the above-entitled bankruptcy proceedings, approving a referee's order therein certified for review. Reversed.

Henry S. Blum, of Chicago, Ill., for petitioner.
Alvin H. Culver, of Chicago, Ill., for respondent.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge. [1] The proceeding and orders of which review is sought by this original petition appear from the record to be of the summary nature in bankruptcy proceedings, defined in the recent opinion of this court in In re Morris Goldstein and Benjamin Moseson, Bankrupts, 216 Fed. 887, 889, 133 C. C. A. 91, and not of the plenary class defined in the opinion handed down therewith, entitled In re Breyer Printing Co., Bankrupt, 216 Fed. 878, 133 C. C. A. 82, which is cited in support of respondent's motion to dismiss the petition for want of jurisdiction. This petitioner corporation was neither party to nor voluntary intervener in the bankruptcy proceedings, had no interest in the distribution of any estate vested in the bankrupts, and had filed no suit or petition in the District Court or before the referee for recovery of the property in controversy. Therefore, on the authority of the above first mentioned opinion and cases cited therein, the motion to dismiss its petition must be overruled.

[2] The facts presented by the record are substantially these: Proceedings in bankruptcy were instituted against the bankrupts individually, as members of E. Petronio & Co., a copartnership, on April 2, 1912, and adjudication ensued accordingly. A receiver appointed therein petitioned the court for an order upon "E. Petronio & Co., a corporation," and its officers, to turn over to such receiver personal property in its possession, averring in substance that the property referred to (mainly a stock of goods) was owned by the bankrupts in their copartnership business up to December 21, 1911; that on December 4, 1911, "while insolvent and with intent to prefer the Italian Swiss Colony over the rest of their creditors," and "without any present consideration" and for a pre-existing debt, the bankrupts made a mortgage in favor of such debtor (covering the above-mentioned property), which was duly recorded; that on December 21, 1911, the bankrupts (with two other parties who contributed nothing) incorporated under the same name used in their copartnership, with $2,500 as the amount of capital stock issued, in 250 shares; that the entire

copartnership property above mentioned was transferred to such corporation, in payment for such capital stock, and the business was thereafter carried on under such incorporation, managed by the bankrupts; that soon thereafter the stockholders deposited the shares of stock with a representative of the above-mentioned mortgagee, as further security for the mortgage, 240 of such shares having been issued to the bankrupt Zarosi; that such transfer to the corporation "was fraudulent and void as to the creditors of said copartners," and "no title passed to the corporation," but remains in the bankrupts; that such corporation was formed at the instance and request of such mortgagee; that both mortgage and incorporation were made for the purpose of preferring the mortgagee over other creditors, and to hinder, delay, and defraud the other creditors of the bankrupts; that the mortgagee threatens prosecution of the receiver in the event of his taking possession of the property; and that it is necessary for preservation of the estate that the receiver "be allowed to take possession of the property which is now claimed to belong to the corporation." The District Court cited the corporation to appear and answer the petition, and its special appearance and answer are exhibited, challenging jurisdiction "over the respondent or any of its assets," with averments of possession and valid title to the property vested in the corporation from and after December 21st, and that its business was carried on therewith and debts contracted therein which are unpaid. Thereupon the court entered an order, April 10, 1912, requiring the corporation to turn over to the receiver "all the property of every nature and description claimed by" the corporation. The property referred to was so turned over—no review of such order having been sought—and thus came to the possession of the trustee in bankruptcy (respondent herein), and constitutes the subject-matter of the subsequent proceedings, brought for review under this original petition of such corporation.

[3] On June 6, 1912, the respondent trustee in bankruptcy filed a petition before Referee Eastman, having charge of the bankruptcy proceedings, averring, in substance, his reception of the property in question from the receiver, and that the above-mentioned corporation had notified the trustee of its claim of ownership, together with demand for the property and notice that sale thereof by the trustee would be treated as conversion of its assets, and praying for an order requiring the corporation "to show what interest, if any," it "has in the aforesaid property by a short day to be fixed by this court," and to abide any "judgment of this court" therein, and on failure of compliance "to be forever foreclosed and barred from any interest in said property." Under the referee's order accordingly the corporation appeared and answered, "for the sole and exclusive purpose of objecting to the jurisdiction of this court" over the respondent or the subject-matter, and set forth its claim of ownership, substantially as stated in its above-mentioned answer filed in the District Court, April 10, 1912. To this answer the trustee interposed a so-called "replication," setting up the above-mentioned order of April 10, 1912, as res adjudicata. For the hearing of any issue thus raised, the referee's certificate thereof, as filed January 28, 1914, for review by the Dis-

trict Court, shows that on consideration of these various averments in the pleadings, together with his inferences from previous testimony before him "for discovery of assets," without introduction of evidence under the pleadings, the referee's conclusions were: (a) That "the partnership owed a considerable amount of money at the time the property was transferred" and that such transfer to the corporation "consisted either of an illegal preference or a transfer to hinder and delay creditors"; (b) that he was "inclined to believe that the matters at issue before" the District Court, upon which its above-mentioned order of April 10, 1912, was made, "were substantially the same as the matter at issue before me in this proceeding"; (c) that he was of opinion that the order referred to "is binding upon me in this controversy," and "so finds"; and (d) that he finds accordingly that the corporation "was not the owner of and was not entitled to the possession of the property in question." On July 19, 1912, the referee entered as his finding and order that the property referred to "is the property of said trustee" and that the corporation "has no right, title, or interest therein." On September 19, 1912, the referee, on motion of the corporaion, vacated this order (for cause not stated), and further ordered that it be "re-entered as of this date." Petition for review of such order by the District Court was duly filed, and the proceedings certified accordingly as above mentioned. The ultimate ruling of the District Court thereupon appears in its order made March 7, 1914, that the referee's order, "be and the same is hereby affirmed."

Thus the only reviewable question herein is whether such ruling was erroneous "in matters of law," and its solution rests on the inquiry of jurisdiction to that end, over both corporation and subject-matter.

The first mentioned order of the District Court, made April 10, 1912, is plainly without force in the present inquiry, beyond proving that possession of the property was thus obtained by the receiver and transmitted to the trustee, in a summary proceeding, without either (a) consent or waiver on the part of corporation holding possession thereof and claiming ownership, or (b) attempted determination either of ownership or ultimate possession of the property. So the above-recited finding of the referee (affirmed on review) of res adjudicata effect therein was plainly an erronous conclusion of law.

Consideration of the other findings certified by the referee—that the transfer of property made by the bankrupts to the corporation, December 21, 1911, "consisted either of an illegal preference or a transfer to hinder and delay creditors"—involves alone the force and effect of the averments of fact and claim of title set forth on the part of the corporation, and we are of opinion that the issue so raised was not within the jurisdiction either of the referee or of the District Court on review of his order, for determination in such proceedings. The claim of adverse ownership expressly appeared, both in the trustee's petition before the referee and in the corporation's pleading of want of jurisdiction. Whatever may be the merits of that controversy over the title, and whatever may be assumed as powers vested in the District Court for determination of such controversy—either through application or consent of the claimant in the course of bankruptcy proceedings, or through its exercise of the powers of a court of equity—

the claimant is entitled to determination thereof in judicial proceedings to that end. We believe these summary proceedings before the referee were not of that nature; that they were neither within the statutory powers vested in him as referee in bankruptcy, nor authorized by reference to him, for hearing and report, on any issue of law or fact pending in the District Court; that both proceedings and order are nullities; and that the order of affirmance thereof, on review by the District Court, cannot be upheld.

The order against the petitioner is reversed, accordingly, with direction to dismiss the summary proceedings and order certified by the referee.