### EISENBERG et al. v. WEISSKOPF.

#### In re STERN.

#### (Circuit Court of Appeals, Seventh Circuit. April 29, 1919.)

#### No. 2602.

BANKRUPTCY ☞288(1)—COURTS OF BANKRUPTCY—SUMMARY JURISDICTION.
  Surrender to a trustee of property in possession of third persons claiming ownership thereof cannot be enforced by summary proceeding in the bankruptcy court, over objection of the claimants.

Petition to Review and Revise Proceedings of the District Court of the United States for the Eastern District of Wisconsin.

In the matter of one Stern, bankrupt. Petition by M. Eisenberg and S. Gorenstein against Ignatz Weisskopf, trustee, etc., to revise an order of the District Court. Reversed.

Michael Levin, of Milwaukee, Wis., for petitioners.

N. S. Robinson and Robert A. Hess, both of Milwaukee, Wis., for respondent.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. Before the proceedings were instituted which resulted in the adjudication of Stern as a bankrupt, petitioners Eisenberg and Gorenstein were in possession of certain goods. After adjudication respondent Weisskopf, receiver and later trustee, filed a petition for a summary order on Eisenberg and Gorenstein to surrender the goods to the estate. At the summary hearing Stern testified that to evade the levy of an attachment he had put the goods into the possession of Eisenberg and Gorenstein as his agents or bailees to hold possession for him. On the other hand, Eisenberg and Gorenstein testified that the goods, originally theirs, had been put into Stern's retail store on consignment or conditional bills of sale; that under their reservation of title they had taken possession, in order to prevent their goods from coming into the possession of the attaching creditor; and

that, prior to the filing of the petition in bankruptcy, they were in the physical possession of the goods under their aforesaid right to take and hold them as their own. And thereupon they insisted that they should not summarily be deprived of possession and that their title could only be adjudged in a plenary suit. The referee, although stating that he accepted Stern's testimony as true, found that the facts as sworn to by Eisenberg and Gorenstein would, if true, constitute an adverse claim, under which they could not be deprived of their possession of the goods except as the result of a plenary suit. The District Court reversed the order of the referee dismissing the summary proceeding.

On the authority of In re Goldstein, 216 Fed. 887, 133 C. C. A. 91, and cases there cited, the order of the District Court is

Reversed.