### In re CONSUMERS' PACKING CO.

### ADER v. CENTRAL TRUST CO. OF ILLINOIS.

(Circuit Court of Appeals, Seventh Circuit.    October 5, 1920.)

No. 2792.

1. **Bankruptcy** ⟜212, 455—**Order held not final; individual, surrendering money, entitled to intervene to have rights determined.**

    Where an unconditional order that an individual turn over certain moneys was followed by an order reciting that the individual turned over to the clerk of the court in open court said sum, "with reservation as to the ownership of said fund," both orders being entered before the adjudication in bankruptcy, the first one was not a final and reviewable order, on failure to ask review of which the individual lost his rights, but was not modified by the second, so that he was entitled to file an

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

intervening petition against the bankruptcy trustee, to have his rights determined on a proper issue made up, and to have such determination preserved in a reviewable order.

**2. Bankruptcy ⊂⇒440—Denial of application to intervene reviewable by petition to review, not by appeal.**

Denial of petition of claimant of moneys turned over to the court to intervene by petition against the bankruptcy trustee was reviewable only by petition for review, not by appeal.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the bankruptcy of the Consumers' Packing Company. Application by Edward J. Ader to file an intervening petition against the Central Trust Company of Illinois, trustee in bankruptcy, was denied, and petitioner appeals and petitions to review and revise. Appeal dismissed, and, on petition to revise, reversed and remanded.

Edward Maher, of Chicago, Ill. (Bernhardt Frank, of Chicago, Ill., of counsel), for appellant and petitioner.

Jerome J. Cermak, of Chicago, Ill., for appellee and respondent.

Before BAKER and PAGE, Circuit Judges, and FITZHENRY, District Judge.

PAGE, Circuit Judge. This is a consolidated submission of an appeal and a petition to review and revise an order of the District Court of the United States for the Eastern Division of the Northern District of Illinois, refusing permission to Edward J. Ader, appellant petitioner, to file an intervening petition in Consumers' Packing Company bankruptcy proceedings to determine the ownership of certain moneys turned over to the court by Ader under orders hereinafter set out.

On an amended involuntary petition filed February 21, 1919, the Consumers' Packing Company was adjudged a bankrupt on March 15, 1919. Upon the filing of the petition, a very vigorous inquiry into the affairs of the company was at once begun, and continued for a considerable space of time. On March 12, 1919, the court entered the following order:

"On motion and upon reading and considering the verified petition of James Shumacher this day filed herein, come the parties by their solicitors, and, after hearing the statements and arguments of counsel, the court being fully advised in the premises, it is ordered that E. J. Ader forthwith turn over to the receiver herein $21,000 withdrawn by him from the Greenbaum Sons Bank & Trust Company."

On March 14th the court entered an order, in part as follows:

"This cause coming on again to be heard upon the examination of witnesses relative to the nature, location, and extent of the assets and liabilities of said bankrupt, come the parties by their solicitors, and the examination of witnesses proceeds, and during the course of said examination Bernard

Brown turn over to the receiver herein the sum of $500 received from said bankrupt as attorney's fees; Erbstein, Heyman & Sellect turn over to the clerk of this court the sum of $500 received by them from said bankrupt company as attorney's fees; and Chas. Erbstein, as solicitor for E. J. Ader, turns over to the clerk of this court in open court the sum of $21,000 in accordance with the terms of the order entered on March 12, 1919, *with reservation as to the ownership of said fund.* * * * It is further ordered by the court that the further examination of witnesses be and hereby is continued until March 15, 1919."

On the 17th of March the following order was entered:

"This cause coming on to be heard upon the examination of witnesses for the discovery of assets, come the parties by their solicitors, and the examination of witnesses proceeds, and during the course of said examination E. J. Ader in open court tenders the sum of $30,164, *with reservation as to the ownership of said fund.* It is thereupon ordered by the court that the Central Trust Company of Illinois, receiver herein, redeposit said sum with the Northern Trust Company of Illinois, in the name of the receiver of the Consumers' Packing Company. It is further ordered by the court that the further examination of witnesses be and hereby is continued to March 24, 1919."

When the orders of March 12th and 14th were entered, there had been no adjudication in bankruptcy. The adjudication order was entered March 15th. There are no other orders in the record affecting this matter, except the order complained of, entered November 18, 1919.

[1] It is urged that the order of March 12th was a final and reviewable order, and that petitioner lost his rights because he did not ask to have that order reviewed. The order of March 14th shows that it is a modification of the order of the 12th, and that the money in question was not turned over unconditionally. As the record stands, it shows that those moneys were taken by the court subject to Ader's rights, whatever they were. It follows, as a matter of course, that he was entitled to have those rights determined on a proper issue made up, and such determination preserved in a reviewable order.

[2] The proper practice was to file a petition for review, and the appeal is dismissed. In re Petronio (C. C. A.) 220 Fed. 269.

The case is reversed and remanded, with directions.