## In re BERGSTROM.

### BERGSTROM et al. v. ZIBELL.

(Circuit Court of Appeals, Seventh Circuit. July 19, 1924.)

No. 3403.

1. **Bankruptcy �kö 288(1)—Claim of successor in interest of purchaser at foreclosure sale could only be litigated in plenary suit.**

Claim of successor in interest of purchaser at chattel mortgage foreclosure sale, based on transfers antedating bankruptcy, was more than colorable, and could only be litigated in plenary suit.

2. **Bankruptcy �kø 293(4)—Claimants held not to have submitted to jurisdiction, so as to be precluded from claiming right to have question litigated in plenary suit.**

Where question of procedure and right to proceed was directly challenged at least 10 days before decision, the claimants were not precluded from insisting on litigation of claims in plenary suit, on theory that they submitted themselves to the jurisdiction of the court.

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Gus A. Bergstrom, bankrupt. Petition by George T. Bergstrom and another to review an order in favor of William F. Zibell, trustee. Order reversed, with directions.

Richard Hill, Jr., of Chicago, Ill., for petitioners.

Frank Michels, of Chicago, Ill., for respondent.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This is a petition to review and revise an order of the District Court, favorable to respondent, trustee of Gus A. Bergstrom, bankrupt, against George T. Bergstrom and Leo Hahn, petitioners.

Respondent, as receiver (afterwards trus-

tee) in the bankruptcy court, filed a petition in the bankruptcy proceedings against George T. Bergstrom, a brother of the bankrupt, and one Leo Hahn, praying that they might be enjoined from disposing of the property described in the petition, and that the two Bergstroms and Hahn be required to show cause why they should not deliver to petitioner said assets "which the said Gus A. Bergstrom, George T. Bergstrom, and Leo Hahn unlawfully withhold from your petitioner as receiver herein." The receiver swore to the petition; but from the record it seems improbable that he could have had first-hand knowledge of many of the matters in the petition stated. The injunction was granted, and, in response to the rule to show cause, George T. Bergstrom and Hahn each filed a verified answer. The adjudication was September 28, 1923.

The petition shows that the greater part of the property in question was purchased by bankrupt in March, 1923, from Hahn by paying $1,200 in cash and giving notes for the balance of $1,800 of the purchase price, payable in monthly installments of $100; that, after a part of said notes had been paid, bankrupt purchased additional equipment for his business from Hahn, who extended his credit. The petition then shows that in July, 1923, when bankrupt was insolvent, he executed and delivered to Hahn a chattel mortgage to secure 12 promissory notes, for $250 each, and that the mortgage was recorded July 14, 1923.

Respondent Bergstrom's answer admits the purchase of the equipment in March, 1923, from Hahn by bankrupt, and admits the making and the execution of the mortgage from bankrupt to Hahn in July, 1923, to secure the payments, substantially as alleged in the petition, but denies all the other allegations of the petition. The answer then avers that in February bankrupt bargained with Hahn for fixtures and equipment for a bakery and cafeteria, amounting in value to $2,825, paying the sum of $1,100 in cash, and by order dated February 17, 1923, purchased additional fixtures amounting to $1,675; that on February 14, 1923, before any fixtures or equipment were delivered, bankrupt executed and delivered to Hahn a chattel mortgage covering all of the two lots of fixtures and equipment, securing 13 notes, aggregating $1,725. The mortgage was duly executed, delivered, and recorded. It further appears that, of the $1,675, $415 was to be paid in cash, and $1,260 was to be secured by a chattel mortgage to be given before any of the fixtures or equipment were delivered. The answer

1 F. (2d)—19

further shows that on March 17th the bankrupt purchased other equipment amounting to $350, $54 of which was to be paid in cash, and the balance in monthly installments; that on July 12, 1923, bankrupt, in substitution and exchange for the mortgage of February 14, 1923, and in pursuance of the contract above alleged, executed and delivered to Hahn a chattel mortgage of the fixtures and equipment to secure 12 notes for the sum of $250 each. It further appears that in September, a judgment creditor of bankrupt having levied upon the equipment covered by the chattel mortgage, Hahn replevined the property and caused a foreclosure of the mortgage and an auction sale of the equipment on September 22, 1923, at which sale he bought the property for $2,150, and that respondent Bergstrom thereupon purchased the property from Hahn, giving his notes therefor, secured by a chattel mortgage, for the sum of $3,650, which notes, the answer avers, on information, were negotiated by Hahn and are in the hands of a bona fide holder for value; that immediately he (respondent Bergstrom) entered into the conduct of the business as his own, and that no other person has any interest in said business. The prayer of the answer is that the injunction be dissolved, the petition dismissed, and the rule discharged.

The answer of Hahn makes substantially the admissions and denials made by Bergstrom, and sets out the facts pertaining to his relations and dealings with bankrupt substantially as they are set out by Bergstrom, and makes the same prayer.

[1] 1. While neither Hahn nor Bergstrom directly raised the question of jurisdiction of the referee to try, in a summary manner, the question presented, Bergstrom, in his answer, did reserve to himself all right of exception to the petition and the rule to show cause, and directly presented the question of jurisdiction in a brief filed with the referee on November 23, 1923, before the referee's finding and order was made on December 3d following. We are of opinion that the trustee's petition, the sworn answers, and the finding of the referee very conclusively show that respondent Bergstrom, under his purchase from Hahn, and Hahn, under his chattel mortgage from respondent Bergstrom, claimed that the property, alleged in the petition to be the property of the bankrupt, was the property of respondent Bergstrom, subject to Hahn's mortgage, and that their claims were based upon transfers antedating the bankruptcy. That claim was more than colorable, and,

under authority of In re Goldstein, 216 Fed. 887, 133 C. C. A. 91, could only be litigated in a plenary suit.

[2] 2. It is urged that the parties submitted themselves to the jurisdiction of the court. There is no evidence of any intention to do so. The parties asked that the injunction be dissolved, the petition dismissed, and the rule discharged upon their sworn answers. The question of procedure was raised at least 10 days before the decision, and the right to proceed summarily was directly challenged. This case is unlike In re Rockford Produce & Sales Co., 275 Fed. 811, 813, where we found that: "At no time was objection made to a disposition of the suit in the manner pursued by the court. In fact, appellant encouraged the proceedings. When brought into court upon appellee's petition and the court's order, instead of objecting to the forum or to the method of procedure, he asked the court in the very proceeding to litigate and determine his right to retain the money by him received from the bankrupt."

The order of the District Court is reversed, with directions to dismiss the trustee's petition.