**In re BLACK BEAR PRODUCTS CO.**

No. 31335.

District Court, W. D. Washington, N. D.
Oct. 3, 1931.

G. M. LeCocq, of Everett, Wash., for petitioner Myrtie H. Carpenter.

G. D. Eveland, of Everett, Wash., for trustee.

NETERER, District Judge.

The trustee files a petition praying for marshaling of liens and "interest in" certain property in his possession as trustee in which a show cause order was issued directing Myrtie H. Carpenter to appear before the referee on a given date to show cause why she should not be barred from asserting any interest or claim in and to the lands described in the petition and in the order. Myrtie H. Carpenter appears specially for the purpose of objecting to the jurisdiction of the referee to proceed in a summary manner to adjudicate her title to the land. This objection was denied by the referee, and petition of review is presented.

It appears in the record in this proceeding that the legal title to the lands in issue is in the name of Myrtie H. Carpenter, that the grantor to Myrtie H. Carpenter, prior to the transfer of the lands to her, had executed a contract to the bankrupt wherein and whereby it agreed to buy the said lands for a consideration to be paid partly in cash and partly in deferred payments. By said contract of purchase, the bankrupt agreed to pay all taxes, assessments, etc., and various payments at stated times. It appears in this record that taxes have been unpaid and default has been made in the conditions and terms of purchase in the said contract.

Myrtie H. Carpenter heretofore filed a petition praying permission to sue the trustee in the state court in the foreclosure of the contract upon the land. The court denied the application to sue in the state court, the lands being in custodia legis under the contract of purchase, and the court did say, inadvertently, that, the property being in custodia legis, the issue with relation thereto must be adjudicated in the bankruptcy court. It should have said in the United States District Court.

It is provided by the Bankruptcy Act (11 USCA) and decided by the courts that the bankruptcy court is without jurisdiction to determine summarily on the petition of a trustee the title to property resting in a person not a party to the bankruptcy proceeding.

The Supreme Court in Straton v. New, 283 U. S. 318, at page 324, 51 S. Ct. 465, 468, 75 L. Ed. 1060, said: " * * * A lien on the property of the bankrupts superior to the title of the trustee * * * the District Court had no jurisdiction. * * * "

The referee may proceed summarily in cases where the title of the trustee is superior to the adverse claims, where the lien was acquired within the period of four months, or where the transfer was made by the bankrupt within the four-month limitation.

At page 326 of 283 U. S., 51 S. Ct. 465, 468, 75 L. Ed. 1060, in Straton v. New, supra, the court said: " * * * Following these cases the federal courts have with practical unanimity held that where a judgment which constitutes a lien on the debtor's real estate is recovered more than four months prior to the filing of the petition, the bankruptcy court is without jurisdiction to enjoin the prosecution of the creditor's action, instituted prior to the filing of a petition in bankruptcy, to bring about a judicial sale of the real estate."

The trustee in bankruptcy may intervene in such suits to protect the interests of the estate, and in that case the court held that the lien creditor, Metcalf, had acquired a judgment lien prior to the four-month limitation, and was proceeding to collect, and the state court had jurisdiction, and the federal court had no jurisdiction to enjoin the proceeding under the state law.

Carpenter, being vested with the legal title more than eight months prior to adjudication, and not being a creditor, and therefore not a party to the bankruptcy proceeding, has a right to a full, complete, unabridged procedure and remedy—plenary—in adjudicating her title to the property when it is attacked, and charge of fraud does not change the procedure. In re Petronio (C. C. A.) 220 F. 269; In re Goldstein et al. (C. C. A.) 216 F. 887; also, In re Breyer Printing Co. (C. C. A.) 216 F. 879; Straton v. New, supra; and cases cited in these various opinions. The trustee seeks to divest superior record title, and that is not marshaling of lien.

The petition for review is granted, and the order of the referee overruling the objection of Carpenter is reversed. The trustee may proceed by plenary action to secure any remedy which he feels the estate is entitled to; or Myrtie H. Carpenter, the title owner of the land, if she so elects, may proceed in this court by plenary action to adjudicate her rights under her transfer and the contract.