PAGE, TRUSTEE, *v.* ARKANSAS NATURAL GAS CORP.

No. 700.   Argued April 25, 26, 1932.—Decided May 16, 1932.

*Messrs. Frank J. Looney* and *Yandell Boatner,* with whom *Mr. Judson M. Grimmet* was on the brief, for petitioner.

*Mr. John W. Davis,* with whom *Mr. Robert S. Sloan* was on the brief, for respondent.

270

Mr. Justice Stone delivered the opinion of the Court.

Petitioner brought this suit in the Arkansas Chancery Court against respondent's predecessor in interest to quiet the title to an oil and gas lease. The cause was removed to the United States District Court for Western Arkansas, where a trial of the issues resulted in a judgment for respondent, which was affirmed by the Court of Appeals for the Eighth Circuit. 53 F. (2d) 27. Both courts held that the issue with respect to the ownership of the lease was *res adjudicata* by reason of a proceeding before a referee in bankruptcy, sitting in the district, in which the issues with respect to the title presented here, had been decided against the predecessor of petitioner and in favor of the trustee in bankruptcy, through whom respondent acquired its title to the lease.

The receiver in the bankruptcy proceeding, later appointed trustee, had gone into possession of the leasehold, claiming it as property of the bankrupt. Lyvers, petitioner's predecessor, filed a petition before the referee, claiming title to the lease, asking that he be put in possession and that the trustee be ordered not to sell the lease. The trustee answered, setting up that Lyvers was trustee of the lease for the bankrupt, and asking that Lyvers execute a deed of the property to the trustee. The matter was heard by the referee, who ordered Lyvers to execute the conveyance. The order was affirmed by the District Court and in conformity with it Lyvers then conveyed the lease to the trustee.

The attempt made in the present suit to relitigate the issues involved in the bankruptcy proceeding, is justified chiefly on the ground that the referee in bankruptcy was without jurisdiction to try the issues presented in the proceeding before him and that, for that reason, the order was void and could not operate to adjudicate the issues tendered in the present suit. This Court granted cer-

tiorari, to resolve the jurisdictional question. Many and complicated questions of fact are involved and were argued here, but as they have been found in favor of the respondent by both courts below, we do not review them, see *Texas & N. O. R. Co.* v. *Brotherhood of Clerks*, 281 U. S. 548, and we confine ourselves to the question of the jurisdiction of the referee in bankruptcy.

The court below held that the referee in bankruptcy had jurisdiction to decide the issues raised by the petition and answer, by virtue of the fact that the trustee had gone into possession of the leasehold, and that possession gave the referee as a court of bankruptcy jurisdiction to hear and determine all questions respecting the title, possesion, or control of the property. *Murphy* v. *John Hofman Company*, 211 U. S. 562. It also held that the referee had power to make the order, since Lyvers had participated in the litigation without objecting to its summary form until after the order had been made. We think that the judgment should be affirmed.

The right asserted before the referee by the trustee in bankruptcy to compel a conveyance to the bankrupt of property adversely claimed, is one which may be asserted by the trustee in a plenary suit. By § 23 (a) of the Bankruptcy Act and § 291 of the Judicial Code, District Courts of the United States, which by § 1 (8) of the Bankruptcy Act are courts of bankruptcy, are given jurisdiction of all controversies in law or equity between trustees and adverse claimants concerning the property claimed by the trustee. And by § 23 (b), " suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant . . . " For reasons stated at length in the opinion in *MacDonald* v. *Plymouth County Trust Co.*, decided this day, *ante*, p.

263, we hold that the referee is a court within the meaning of § 23 (b) and that, respondent's predecessor having consented to litigate the issues presented by the petition and answer before the referee, the latter had jurisdiction to decide the issues presented. See *Murphy* v. *Hofman Co., supra.* The order of the referee, in the bankruptcy proceeding, affirmed by the District Court, therefore adjudicated those issues between the parties and they may not be relitigated in the present suit by their successors in interest. *Affirmed.*