## DEALERS FINANCE CO. v. COULTER.
### No. 9570.

Circuit Court of Appeals, Eighth Circuit.
March 22, 1933.

Will G. Akers, of Little Rock, Ark., for appellant.

C. E. Wright, of El Dorado, Ark., for appellee.

Before STONE, VAN VALKEN-BURGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from an order of the United States District Court for the Western District of Arkansas, which modified and affirmed, as modified, an order of the referee in bankruptcy, hereafter called the referee.

The order of the referee dealt at length with a claim by appellant against the estate of J. W. Walker Music Company, bankrupt, and with objections thereto of the trustee in bankruptcy. The conclusion reached by the referee is expressed in the following language: "Ordered that unless the proceeds of the items referred to in Trustee's allowed objections are accounted for and surrendered, the asserted claim by the Dealers Finance Company is disallowed."

The modification made by the District Court to the order of the referee is not in question upon this appeal.

The original order of the District Court affirming the order of the referee was dated October 15, 1931. An error in regard to a mentioned date occurred in the order. The District Court of its own motion, on October 24, 1931, for the purpose of correcting the error, set aside the order of October 15, 1931, and re-entered the same nunc pro tunc with the error corrected.

The petition for appeal from the order of the District Court of October 15, 1931, was filed January 16, 1932, and was allowed the same day.

The first question which challenges our attention is whether the appeal was taken in time. This question is raised by appellee's motion to dismiss the appeal. It would be the duty of the court to pass upon the question in the absence of a motion, for it is jurisdictional. Broders v. Lage, 25 F.(2d) 288 (C. C. A. 8); Collins v. United States, 24 F.(2d) 823 (C. C. A. 8); Kiehn v. Dodge County, 19 F.(2d) 503 (C. C. A. 8); In re Thomlinson Co., 154 F. 834 (C. C. A. 8); In re Holmes, 142 F. 391 (C. C. A. 8).

The relevant statutes governing the time for taking appeals in bankruptcy matters are set out in the margin.[1]

[1] Section 24 of the Bankruptcy Act (11 USCA § 47) reads as follows:

"(a) The Supreme Court of the United States, the circuit courts of appeal of the United States, the Court of Appeals of the District of Columbia, and the supreme courts of the Territories, in vacation, in chambers and during their respective terms, are invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases.

"(b) The several circuit courts of appeal and the

Appellee contends that this appeal was taken under the provisions of section 24 of the Bankruptcy Act as it now stands amended (11 USCA § 47); and that said section 24 of the Bankruptcy Act limits the time for filing the petition for appeal thereunder to "within thirty days after the judgment, or order, or other matter complained of," has been rendered or entered"; and that the record shows that the appeal was not taken within the time limited.

Appellant contends that the present appeal was taken in a plenary suit, and that it is, therefore, governed by the provisions of the Judicial Code (28 USCA § 861, 28 US CA §§ 861a, 861b, and by 28 USCA § 230), which provisions fix the time for taking such appeals at three months.

Appellant further contends that the three months' period is to be computed from the actual date of the entry of the nunc pro tunc order, to wit, October 24, 1931.

These opposing contentions make necessary a determination of the character of the proceeding or suit in which the order appealed from was entered.

The salient facts, as we gather them from various parts of the record, are as follows: October 2, 1928, the bankrupt executed and

Court of Appeals of the District of Columbia shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law (and in matter of law and fact the matters specified in section 48 of this title) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 48 of this title to be allowed in the discretion of the appellate court.

"(c) All appeals under this section shall be taken within thirty days after the judgment, or order, or other matter complained of, has been rendered or entered."

Section 25 of the Bankruptcy Act (11 USCA § 48) reads as follows:

"(a) Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit courts of appeal of the United States and the Court of Appeals of the District of Columbia and to the supreme courts of the Territories in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) From a judgment granting or denying a discharge; and (3) From a judgment allowing or rejecting a debt or claim of $500 or over. Such appeal shall be taken within thirty days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be.

"(b) Trustees shall not be required to give bond when they take appeals or sue out writs of error.

"(c) Controversies may be certified to the Supreme Court of the United States from other courts of the United States, and the former court may exercise jurisdiction thereof and issue writs of certiorari pursuant to the provisions of the United States laws in force on July 1, 1898, or such as may be thereafter enacted."

delivered its promissory note for a valuable consideration to appellant in the sum of $6,-189.37. Accompanying the note, and as collateral security thereto, the bankrupt transferred to appellant certain customers' notes or accounts; and agreed to transfer to appellant additional customers' notes or accounts. A petition in bankruptcy was filed February 8, 1929. During the four months preceding, the bankrupt had transferred to appellant the additional customers' notes or accounts agreed upon; and these were the transfers which the trustee in bankruptcy contended were voidable preferences, and should be surrendered before the claim of appellant was allowed. No affirmative relief was asked by the trustee in bankruptcy.

It is somewhat difficult to determine from the record just what the procedure was, inasmuch as the record is incomplete.

The præcipe of appellant to the clerk of the District Court calls for:

"1. Dealers Finance Company's *proof of claim* (or intervention) against the estate of J. W. Walker Music Company, bankrupt;

"2. Trustee's objections (exceptions) to the Finance Company's *proof of claim;*" and

"4. Narrative statement of evidence relating to Finance Company's *proof of claim* and trustee's exceptions thereto."

This præcipe would indicate that there was a formal proof of claim by appellant and that objections or exceptions were made thereto by the trustee in bankruptcy. The proof of claim itself, however, is not given in the transcript of record, and the clerk of the District Court inserts a statement in the transcript that he has not been able to find such paper in the files.

In the "Objections of Trustee to Proof of Claim of Dealers Finance Company" it is alleged: "Now comes E. H. Coulter, Trustee herein, by his attorney, C. E. Wright, and files these, his objections to the allowance of the claim of the Dealers Finance Company, to the following accounts as its bona fide property * * *."

Walter Everly, a witness for the trustee, begins his testimony as follows: "The contracts listed in the trustee's exceptions to petitioner's claim * * * were * * *."

The referee in his order recites: "It is further undisputed that the claim upon which the Dealers Finance Company claim is based has its initial origin * * *."

Again the referee in his order recites: "The referee finds the Trustee's objections to

other items mentioned in exceptions \* \* \* are *disallowed* \* \* \*."

Throughout the order of the referee, the appellant is referred to as the "creditor" or the "claimant," or the "creditor-claimant," and not as either plaintiff or defendant; nor is the trustee in bankruptcy referred to as either plaintiff or defendant. Finally the referee uses the language already quoted: "Ordered that unless the proceeds of the items referred to in Trustee's allowed objections are accounted for and surrendered, the asserted claim by the Dealers Finance Company is disallowed."

The captions on the papers in the proceeding as shown by the transcript are none of them in such form as to indicate a plenary suit, but are in such form as indicates a proceeding in bankruptcy.

In the opinion of the trial court, which was filed about the time of its order approving the order of the referee, reference is made to a petition filed by appellant with the referee, praying that certain notes be turned over to it as being its property. This petition does not appear in the record, so that its exact nature cannot be determined.

On this state of the record, it would seem that the matter was treated by the parties, by the referee, and by the court as a claim filed by the appellant against the bankrupt estate which it sought to have allowed; that the trustee objected to the allowance unless certain preferential transfers to appellant by the bankrupt were first surrendered; that the referee held in part with the trustee and disallowed the claim unless certain transfers were surrendered; and that the District Court affirmed the order of the referee.

But great reliance is placed by appellant upon the stipulation entered into by the parties at the hearing before the referee, recited by him as follows: "In this controversy it has been agreed between Counsel for Trustee and Counsel for Dealers Finance Company that the issues are to be heard and determined in the same manner and subject to the same rules of evidence and burden of proof upon the trustee to support his exceptions, as would devolve upon the trustee in case of a plenary suit by the Trustee to recover the assigned contracts or proceeds thereof against the claimant, Dealers Finance Company; in other words, the Trustee's exceptions are in the nature of a counterclaim or offset against the asserted claim of the Dealers Finance Company."

We cannot agree with appellant that this stipulation determines that the proceeding before the referee was a plenary suit. In the first place, the stipulation recognizes clearly that the proceeding is not a plenary suit, but that certain procedural matters such as manner of hearing, rules of evidence, and burden of proof, shall be observed as "in case of a plenary suit." This is far from converting the proceeding into a plenary suit.

It may be noted in passing that the language of the stipulation is that of the referee, and does not purport to be the language of the parties.

Some of the distinctive features of a plenary suit are set forth in the opinion of this court in the case of Central Republic Bank & Trust Co. v. Caldwell, 58 F.(2d) 721. Many of those features are wanting in the proceeding in controversy. The parties are not designated as in a plenary suit; there are no formal pleadings; the defendant is not brought into court by subpœna and required to answer within a fixed time. Further, the procedure and practice followed by the referee show that he did not consider that he was trying a plenary suit. Findings of fact and conclusions of law were not made separately, as required by the Equity Rules. No decree was entered, but simply an order disallowing the claim of appellant conditionally.

It may be conceded that the referee would have had jurisdiction to entertain a plenary suit with the consent of the parties. MacDonald v. Plymouth Trust Co., 286 U. S. 263, 52 S. Ct. 505, 76 L. Ed. 1093; Page v. Arkansas Gas Corporation, 286 U. S. 269, 52 S. Ct. 507, 76 L. Ed. 1096. But no such suit was commenced or carried on.

The very form of the order entered by the referee (quoted above) is, to our mind, conclusive that the proceeding was not considered by him a plenary suit.

The referee clearly recognized the limits of his jurisdiction and acted accordingly. See Triangle Electric Co. v. Foutch, 40 F. (2d) 353 (C. C. A. 8); Metz v. Knobel (C. C. A.) 21 F.(2d) 317.

In view of the facts above stated, we think that the proceeding was the ordinary one for proof of claim, with objections by the trustee based upon alleged voidable preferences, a proceeding which the referee had undoubted jurisdiction to entertain. Thus treated, the matter was a controversy arising in a bankruptcy proceeding within section 24 (a), or it was a proceeding in bankruptcy resulting in a judgment rejecting a claim of over $500, under section 25 (a). We do not

think that by fair construction, the agreement of the parties, as recited by the referee, changed or was intended to change the proceeding into a plenary suit with all the necessary implications, including a much longer period for taking an appeal.

The question whether the appeal was required to be allowed by this court has not been raised, and we pretermit discussion of it.

We conclude that the time for taking an appeal was thirty days, and that the present appeal was not taken in time.

It follows from the foregoing that the appeal should be dismissed. It is so ordered.