**MERRITT v. LONG.**

No. 8562.

Circuit Court of Appeals, Ninth Circuit.

Dec. 20, 1937.

Rehearing Denied Jan. 18, 1938.

William P. Hubbard and James H. Hogin, both of San Francisco, Cal., for appellant.

J. Leroy Johnson, of Stockton, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from an order of the trial judge vacating an order of a conciliation commissioner, acting as referee, in a proceeding under section 75 of the Bankruptcy Act, as amended (11 U.S.C.A. § 203).

In March, 1936, the appellant filed her petition for a composition or an extension under section 75 of the act, submitting therewith verified schedules of her assets and liabilities. Subsequently, the conciliation commissioner to whom the matter was referred reported the case as closed "so far as the provisions of said subsections (a) to .(r) of section 75 are concerned." Thereafter, on November 4, 1936, the debtor was on her amended petition adjudged a bankrupt as provided in subsection (s) of the section, as amended, 11 U.S.C.A. § 203(s). On November 20 the bankrupt presented to the commissioner (then acting in his newly acquired function as referee pursuant to section 75(s) (4) a petition for an order directing the appellee and others to deliver to her certain dairy cattle therein described. In this petition she alleged that she is the owner and entitled to the possession of the cattle, and that appellee wrongfully withholds possession thereof. There is a prayer for the delivery of the property to her. The commissioner (referee) thereupon ordered appellee to deliver possession of the cattle or to show cause on a specified date why he had not done so. Upon the service of this order the appellee gave notice of special appearance for the purpose of moving for a dismissal of the order to show cause and the petition on which it was based, on the ground that the court had no jurisdiction to hear the matter, and that the petition was not a plenary suit. Supplementary to the motion, appellee filed a verified answer denying the jurisdiction of the referee to try the title to the property, and alleging

that since December 10, 1935, he had been in possession of the cattle and was the owner of them. ' He further alleged that title was transferred to him by the bankrupt and her husband and by the First National Bank of Oakland, by bills of sale delivered on the date indicated. No testimony was taken subsequent to the issuance of the show cause order, but in February following the referee made findings of fact and conclusions of law, holding that the bankrupt was owner and entitled to the possession of the property in question. The referee thereupon ordered appellee forthwith to return the cattle to the bankrupt. On appellee's petition for review the trial court vacated the order, and this appeal followed.

During the progress of the conciliation proceeding and prior to the adjudication in bankruptcy, several meetings of creditors had been held. At these meetings the appellant's claim of title to the cattle had been inquired into and testimony informally taken. Appellant and appellee had testified concerning their respective claims and other witnesses had been sworn and examined. From a summary of the evidence so taken it appears that the cattle had been mortgaged to an Oakland bank, and that this mortgage had been foreclosed and the livestock bought in by the bank. Appellee purchased the property from the bank and obtained a bill of sale from the latter. A bill of sale to the property was also given him by the appellant and her husband. All this had happened in December, 1935. There was testimony, controverted by appellee, tending to show that appellee had acquired the title as agent or trustee for appellant. It was on the basis of the testimony taken before the conciliation commissioner that the latter, in his different function, as referee, determined the issue of ownership subsequently presented by the petition of the bankrupt. Appellant insists that by reason of the circumstances related the appellee consented to, and indeed sought, a summary adjudication of the controversy.

 We need not inquire whether a conciliation commissioner has the powers of a referee to try questions of title as between a debtor and a third person, Page,

Trustee, v. Arkansas Natural Gas Corp., 286 U.S. 269, 52 S.Ct. 507, 76 L.Ed. 1096; and we will not further notice the circumstance that the testimony taken before the conciliation commissioner was later made the basis of a finding by him, as referee, in the bankruptcy proceeding which ensued. It is sufficient to point out that at the time the testimony was taken no issues of law or fact had been framed for the adjudication of the rights of the parties. What was then done was done in the course of the debtor's attempt to reach a composition with her creditors. It was at most in the nature of an informal investigation to discover assets of the debtor. In re Goldstein, 7 Cir., 216 F. 889. The procedural rights of a party claiming to be the owner of property are not abridged by the bankruptcy of his adversary, and in the absence of such party's consent the bankruptcy court has no jurisdiction to determine his rights in a summary way. Section 23(b), Bankr.Act 1898 [11 U.S. C.A. § 46(b)]. Until the appellant petitioned for an adjudication of her claim to the cattle and obtained the order to show cause, there was no summary proceeding to which consent could be given or withheld; and at that juncture the appellee promptly objected to the jurisdiction.

 Appellee's claim of adverse title was based upon a transfer prior to bankruptcy, and came within the first of the two classes of cases distinguished by the Supreme Court in Babbitt v. Dutcher, 216 U.S. 102, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann.Cas. 969. The claim was not a mere colorable one subject to summary disposition without the claimant's consent. It was of substantial character, disclosing, at the least, "a contested matter of right, involving some fair doubt and reasonable room for controversy." Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 469, 70 L.Ed. 897; Board of Education v. Leary, 8 Cir., 236 F. 521–527. Appellee was entitled to have his rights adjudicated in a plenary suit, and since he made timely objection to the summary proceeding attempted here, the order of the trial court was proper. Harrison v. Chamberlin, supra.

Order affirmed.