In re WEST PRODUCE CORPORATION.

No. 34485.

District Court, E. D. New York.

July 10, 1940.

Duberstein & Schwartz, of Brooklyn, N. Y. (Max Schwartz, of Brooklyn, N. Y., of counsel), for trustee.

Stone & Perlman, of New York City, for respondents.

MOSCOWITZ, District Judge.

These are two motions. One, made by the respondents for an order seeking to review the turnover order made by the Referee and the other, by the Trustee for an order dismissing the petition for review.

The order of the Referee which is dated April 2, 1940 directs that the respondents West Produce Corporation, John C. Gale, individually and as president of West Produce Corporation, Julia Chimento, individually and as vice-president and secretary of West Produce Corporation, Louis Chimento, Patrick Chimento, Louis Savaglio, Andrew Mazzaro and James Gale turn over to the Trustee in bankruptcy merchandise consisting of fruits and vegetables of the value ‘of $4,079.47, or $4,079.47 being the value thereof; the sum of $5,843.32 in cash; a Brockway truck and a Buick sedan automobile of the value of $5,731.38, or $5,731.38 being the value thereof, and the journal for 1936–1937.

The respondents appeared generally before the Referee and tried the issues and therefore submitted to the jurisdiction of the Court. See MacDonald v. Plymouth County Trust Co., 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093; Page v. Arkansas Natural Gas Corp., 286 U.S. 269, 52 S.Ct. 507, 76 L.Ed. 1096; In re Pinsky-Lapin & Co., Inc., 2 Cir., 98 F.2d 776.

After all the testimony had been taken the respondents for the first time raised the question of summary jurisdiction in the brief submitted in their behalf. That was too late. The Referee properly decided:

"The trustee urges that the respondents failed to raise the question of summary jurisdiction until the submission of briefs; that under the authorities the objection was not timely.

"The trustee is right."

The Trustee's theory was that all the respondents had entered into a conspiracy to withhold from the Trustee property belonging to the bankrupt estate. A turnover order cannot be had against conspirators unless it be shown that they have in their possession or under their control property belonging to the bankrupt estate. The Referee properly decided this, as follows: "The fact that a number of persons form a common plan to cover up withdrawals of property does not, of itself, warrant a general order against all of them."

Applying this rule of law, a turnover order is not justifiable against Louis Chimento, Patrick Chimento, Louis Savaglio, Andrew Mazzaro and James Gale as the evidence does not show that they possess or control the property withheld from the Trustee.

John C. Gale and Julia Chimento are husband and wife, respectively. Their use of different names was to defraud creditors.

The Referee had an opportunity to observe the witnesses and his decision on the questions of fact will not lightly be disturbed. I cannot say, upon the conflicting testimony, that his conclusion concerning John C. Gale and Julia Chimento was incorrect. As a matter of fact, his report with reference to them seems to be fully justified, except for the fact that the evidence does not show that Julia Chimento possessed the merchandise or that John C. Gale possessed the money withdrawn by Julia Chimento. The possession by John C. Gale of the merchandise of the value of $4,079.47 and the Brockway truck has been established. The only turnover order which can stand with reference to Julia Chimento would be the cash withdrawals amounting to $3,133.32 (this eliminates moneys paid to the J. C. Produce Company amounting to $2,710) and the Buick sedan. The only turnover order which can stand with reference to John C. Gale is the merchandise of the value of $4,079.47 and the Brockway truck. The proof with reference to the journal is insufficient on which to base a turnover order.

On the motion for the turnover the Trustee sought three automobiles—a Brockway truck, an International truck, and a Buick sedan, the claimed value being $5,731.38. No proof has been offered as to the value of these automobiles. The figure of $5,731.38 represents the cost. It certainly could not be the value now, as

one was bought in 1930, another in 1934, and the other in 1936.

The Referee eliminated the International truck as it appeared to be in the possession of a finance company. He, however, found that the value of the two automobiles was the sum of $5,731.38, although the amount claimed for the three automobiles in the Trustee's petition was the sum of $5,731.38.

The value of the two automobiles, the Brockway truck and the Buick sedan, will have to be referred back to the Referee to take proof as to their present value.

The turnover order will be modified as above indicated.